LEON & H. BLUM ET AL. v. A. WETTERMARK ET AL.

(Case No. 1326.)

A. WETTERMARK ET AL. v. LEON & H. BLUM ET AL.

(Case No. 1330.)

1. NEW TRIAL — JURISDICTION TO GRANT DURING TERM. — The jurisdiction of the district court to set aside its own judgments continues during the term, and this is so although all the steps prescribed by the statute for the perfection of an appeal have been taken before the close of the term.
2. APPEAL — TO WHAT TERM RETURNABLE. — Where an appeal bond is filed and approved during the term, the case is not returnable to the supreme court sooner than it would have been had the bond been filed and approved on the last day of the term.
3. STATUTES CONSTRUED. — R. S., arts. 1387-8, 1401-5, and 1410, construed.
4. CASE OVERRULED. — Cahn v. State, Austin term, 1880, overruled.
5. CASE FOLLOWED. — Kellogg & Co. v. White, Austin term, 1882, followed.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

*Scott & Levi, N. G. Bagley* and *Drury Field*, for Blum *et al.*

*G. H. Gould* and *Jones & Wynne*, for Wettermark *et al.*

GOULD, CHIEF JUSTICE. — These cases, being in fact one and the same, have been consolidated and will be considered together. From the brief of counsel for Blum *et al.* we extract the following history of the case:

Leon & H. Blum, Holf, Weiss & Co. and Heidenheimer Bros., creditors of Morris Crown, acting in their own interest and that of the other creditors of Crown, brought this suit April 25, 1881, against Sharp B. Whitley as assignee of said Crown, and against Charles L. Numully and Charles G. Burnett as the sureties on the official bond of said assignee, and against A. Wettermark and Focke & Wilkens as colluding with said assignee in the conversion of one hundred and six bales of cotton belonging to said Crown's estate and distributable among the creditors of Crown, including petitioners. The suit is for the value of the cotton, $8,000, to be administered for the benefit of the creditors of Crown entitled to take under the assignment, to remove Whitley as assignee, and to appoint some person to take charge of the estate in the interest of the creditors. Judgment January 16, 1882, in favor of plaintiffs against Whitley, Wettermark and Focke & Wilkens for $5,250, the value of the cotton, and against Burnett and Numully for $5,000, the amount of the official bond on which they were sureties, the recovery to stand as

assets of Crown's estate and to be administered for the creditors entitled. The decree removes Whitley as assignee and appoints Leon Blum receiver to take charge of the recovery, the receiver to give bond in $10,000, conditioned to perform his duties and obey the directions of the court.

Motion for new trial made by defendants and overruled, January 16, 1882, defendants, in open court, giving notice of appeal.

February 8, 1882, execution issued on said judgment, and levied on money to satisfy same and all costs of suit. February 8, 1882, defendants filed their appeal bond and assignments of error, and sued out a writ of supersedeas against said execution. February 8, 1882, defendant Wettermark made new motions for new trial, reciting the foregoing proceedings as having been previously had, and asking that judgment be set aside and execution and return be quashed.

February 9, 1882, Whitley, Numully and Burnett filed a motion to reform the judgment. February 11, 1882, the court set aside the order overruling the first motion for new trial and granted the second motion for new trial, setting aside the judgment on the merits of January 16, 1882, and quashing and vacating the execution and return issued February 8, 1882, to which action of the court the plaintiffs excepted on the ground that at the time of making the order the defendants had perfected their appeal to the supreme court and obtained a supersedeas. The term of court ended February 11, 1882.

At the next term of court plaintiffs made a motion reciting the fact that the court had announced its intention to try again the issues between the parties, and also reciting the previous proceedings in the cause, and asked that the court take no further action, but let the cause remain on the docket to await the mandate of the supreme court on defendants' appeal. The court refused to make any order on this motion, but called the case for trial. The plaintiffs declined to announce for trial, because the jurisdiction of the district court was ended and that of the supreme court vested as to the merits of the cause upon the perfection of defendants' appeal. The cause was therefore dismissed for want of prosecution. The plaintiffs moved to reinstate the case on the docket to await the mandate of the supreme court on the defendants' appeal, and the court overruled the motion, and to this action of the court the plaintiffs excepted and gave notice of appeal.

The transcript in No. 1326 is filed by the plaintiffs in the court below, who ask an affirmance of the judgment of January 16, 1882,

as on the appeal of the defendants below, and that the order of dismissal for want of prosecution entered at the subsequent term, be reversed as upon the appeal of plaintiffs below. Their propositions assert that the judgment of January 16th was in its nature final, and that the defendants, after a motion for new trial had been overruled, perfected an appeal to this court, and that thereby the jurisdiction of the district court was superseded, and jurisdiction over the merits of the whole suit was transferred to and vested in this court. Hence they say that the subsequent order of the district court setting aside the judgment was void, and the order of that court at its July term, dismissing the case, was also erroneous or void.

The settled rule of the common law is thus stated in Freeman on Judgments, quoting from Lord Coke: "During the term wherein any judicial act is done, the record remaineth in the breast of the judges of the court and in their remembrance, and therefore the roll is alterable during that term, as the judges shall direct; but when the term is past, then the record is in the roll, and admitteth no alteration, averment or proof to the contrary." Mr. Freeman proceeds: "Of the law thus laid down, the only part remaining unshaken to the present time is that during the term the proceedings remain in the breast of the judges. Not only the records during that time are subject to the revision of the court, but the judgment itself may be altered, revised or revoked, as well as amended in respect to clerical errors and matters of form." Sec. 69.

This rule has often been affirmed by this court. Wood v. Wheeler, 7 Tex., 16; Sweeney v. Jarvis, 6 Tex., 39; Chambers v. Hodges, 3 Tex., 517; Puckett v. Reed, 37 Tex., 308; Milam County v. Robertson, 47 Tex., 222; Bryorly v. Clark, 48 Tex., 353.

In accordance with this fixed principle, the uniform practice, prior to the adoption of the Revised Statutes, was, in cases of appeal, to regard the case as in no event returnable to this court sooner than it would have been had the appeal bond been filed and approved on the last day of the term of the district court. That is, if notice of appeal were given, and the appeal perfected by giving bond during the term, so that nothing more remained for appellant to do on his part to secure his right of appeal, still the appeal was not regarded as perfected for the purpose of fixing the time within which the transcript was required to be filed in this court until the close of the term.

The claim now is that the Revised Statutes require the appeal to be regarded as perfected for all purposes on the day the bond is

given and approved.    The articles of the Revised Statutes relied on are the following:

Art. 1387. An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered, by the appellant's giving notice of appeal in open court, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term.

Art. 1388. In cases where the appellant is not required by law to give bond on appeal, the appeal is perfected by the notice provided for in the preceding article.

Arts. 1400 and 1401 prescribe the requisites of an appeal bond, or affidavit in lieu thereof, not to have the effect to suspend the judgment, or prevent the issuance of execution, but which nevertheless have the effect of perfecting the appeal.    Arts. 1402, 1403.

Arts. 1404 and 1405 prescribe the requisites of a suspensive appeal bond, and art. 1406 provides that upon the filing of such bond "the appeal or writ of error shall be held to be perfected, and the execution of the judgment shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a supersedeas."

Art. 1410 directs the clerk, "when an appeal or writ of error has been perfected," on the application of either party to make out and deliver the transcript.

A comparison of these articles with the statutes in force previous to the adoption of the Revised Statutes leads us to the conclusion that they were not designed to change the fixed rule that during the term the district court has power to set aside its judgments, or to change the time for filing the transcript in this court.    Certainly it was within the power of the legislature to make these changes, and if they had so intended, it would have been easy to have expressed that purpose in unmistakable terms.    This has been done in regard to felony cases.    The law directs that such appeals "may be prosecuted immediately"   .   .   .   "without regard to the law governing appeals in other cases," and that "the transcript may be filed in the court of appeals, and the case tried and determined in said court, while the district court in which the conviction is had is yet in session."    R. S., Code Crim. Proc., arts. 843-4; Pasch. Dig., art. 3185. We find no such plain expressions of intention as to civil cases. The statute, it is true, says an appeal may be taken during the term, but this is no more than was said in the former statutes.    Art.

1510, sec. 19, of the act of 1848, prescribed that "Any party to a civil suit . . . may appeal from such final judgment to the supreme court during the term of the district court at which such final judgment or decree was rendered." The present law, like the former, fixes twenty days after the expiration of the term as the time within which the bond must be given. Pasch. Dig., art. 1491. Then, as now, there were numerous cases when no appeal bond was required, but the appeal was in one sense "perfected" when notice of appeal was given and entered of record. Yet, so far as we are advised, it was never held or claimed that such notice perfected the appeal so as to divest the jurisdiction of the district court over its judgment during the term, or that the term of this court to which such appeal should be returnable was to be fixed otherwise than by counting from the last day of the term of the district court. Under the Revised Statutes, when no bond is required "the appeal is perfected by the notice." Art. 1388. The statute draws no distinction between an appeal so perfected and an appeal perfected by a suspensive appeal bond. If the expression "perfected appeal" means in all cases an appeal so perfected that the jurisdiction of the district court is divested, then in cases of appeals by executors, administrators and guardians, or by the state or some incorporated cities whose charters relieve them from the necessity of giving bond, a party, by promptly giving notice of appeal, may at once take the case out of the power of the court.

Where there are several parties appellant, including an administrator whose appeal is perfected by notice, and including others who perfect their appeal by bond after the close of the term, if the construction contended for prevail, there would sometimes be difficulty in ascertaining to what term of this court the appeal were returnable. Further legislation would be needed to avoid confusion.

It is conceded that the intention of the statute is not free from doubt, but our conclusion is, that in so far as the term of court to which an appeal is returnable is concerned, the Revised Statutes are but continuations of the former statutes. The writer at one time entertained a different view from that which he now holds in common with the other members of the court. The court, indeed, held differently in passing on a motion in the case of Cahn v. State, Austin term, 1880.

At the last Austin term, however, in the case of Kellogg & Co. v. White, from Washington county, the question was carefully considered after argument on both sides, and the conclusion was that during the term the judgment remained in the breast of the court,

.subject to its control.   No written opinion was delivered in either of these cases, and it has been deemed proper now to reduce our views to writing.

In accordance with these views, the judgment of July 11, 1882, dismissing the cause for want of prosecution, is affirmed, the costs of that appeal to be paid by appellants L. & H. Blum and others; and the transcript in cause No. 1330 is stricken from the docket at the cost of A. Wettermark *et al.*, by whom it was filed.

Case No. 1330 stricken from docket.   Case No. 1326, judgment affirmed.[1]

[Opinion delivered November 23, 1882.]

[1] NOTE.— A motion for rehearing in these causes transferred to Galveston term, 1883, and there refused.