J. S. CHURCHILL ET AL. V. BARCLAY MARTIN.

(Motion No. 18)

1. MANDAMUS—APPEAL—SUPERSEDEAS BOND, EFFECT OF—The execution of a judgment awarding a peremptory writ of mandamus, is suspended by the filing of a proper appeal bond. (Following, Griffin v. Wakelee, 42 Tex. 513.)

2. APPEAL—JURISDICTION OF DISTRICT COURT OVER JUDGMENT APPEALED FROM—After the approval of a proper appeal bond, the district court still has, during the term, jurisdiction to modify or to set aside the judgment appealed from, but not to enforce such judgment. (Citing Blum v. Wettermark (58 Tex. 125), and Garza v. Baker (58 Tex. 487.)

3. SAME—JURISDICTION OF SUPREME COURT—INJUNCTION—When the appeal bond has been filed and approved, the complaining party has done, substantially, all required of him to give the supreme court jurisdiction of the case, and the supreme court may then, under its constitutional power to protect and enforce its own jurisdiction, issue writs of injunction. But until the appeal bond is filed and approved, the case is, in no sense, in the supreme court, and it has no authority to interfere with the proceedings in the district court.

4. SAME—EXTRAORDINARY WRITS—JURISDICTION OF SUPREME COURT—The extraordinary writs can be used in the supreme court, only in cases of which it has acquired jurisdiction. They cannot be used to set aside orders made or to correct results which transpired before the appeal bond was given. (Citing Wells v. Littlefield, 62 Tex. 30.)

APPLICATION to the supreme court for injunction against the judge and the clerk of the district court of San Saba.

On December 14, 1885, Barclay Martin recovered, in the district court of San Saba county, a judgment awarding him a peremptory *mandamus*, requiring the defendants in the suit, who had in charge the public free schools of the town of Burnet, in Burnet county,

to receive him as a pupil in the schools. The defendants' motion for new trial was overruled, and they gave notice of appeal. On December 17, 1885, the peremptory writ awarded, was issued. On December 26, the defendants filed their supersedeas appeal bond, which was approved.

On January 7, 1886, the defendants presented and filed in this court a petition for injunction, to restrain the judge and the clerk of the district court from immediately executing the judgment appealed from. It was averred that neither the judge nor the clerk recognized that the appeal suspended the execution of the judgment, and its enforcement, in spite of the appeal, was seriously apprehended. On January 9, 1886, the judges of this court endorsed upon the petition a fiat, ordering the clerk to issue a notice to the judge and the clerk, requiring them to show cause, on the 22d instant, why the injunction prayed for should not be granted, and an order, in the meantime, restraining them from executing the judgment.

The judge and the clerk filed answers, which show that nothing had been done or intended toward the execution of the judgment, since the appeal bond was filed. The case was submitted to the court on petition, exhibits, and answers.

*J. G. Cook,* for applicant, that a judgment of the district court, awarding a peremptory writ of mandamus, is superseded by an appeal to the supreme court, cited: R. S., 2268, 2271; Griffin *v.* Wakelee, 42 Tex. 516; Williams *v.* Ponns, 48 Tex. 144.

That the control which district courts have, during a term of court, over its judgments rendered at such term, is limited to the power to alter, amend or set aside the same, he cited: Garza *v.* Baker, 58 Tex. 487; Blum *v.* Wettermark, 58 Tex. 125.

On the question of jurisdiction of the supreme court, he cited: Wells *v.* Littlefield, 62 Tex. 30; Garza *v.* Baker, 58 Tex. 487.

ROBERTSON, ASSOCIATE JUSTICE.—That the execution of a judgment awarding a peremptory writ of *mandamus*, may be suspended by a proper appeal bond is not an open question in this court. Griffin *v.* Wakelee, 42 Tex. 513. After the approval of such a bond, the district court, during the term, still has jurisdiction to modify or set aside the judgment appealed from, (Blum *v.* Wettermark, 58 Tex. 125; Garza *v.* Baker, 58 Tex. 487) but not to enforce such judgment. When the bond has been filed and approved, the complaining party has done, substantially, all required of him to give this court jurisdiction of the case, and this court may then, under the constitution,

to protect or enforce its jurisdiction, issue writs of injunction, etc. But until the appeal bond is filed and approved, the case, in no sense, is in this court, and the supreme court has no authority to interfere with the proceedings of the district court. It may be *error* for that court, when notice of appeal has been given, to have its judgment executed within less than twenty days, but it is no infringement of the jurisdiction of this court. The error may be revised only on appeal. The extraordinary writs may only be used in cases of which this court has acquired jurisdiction. They cannot be used to set aside orders made, or to correct results transpired, before the appeal bond was given, Wells *v.* Littlefield, 62 Tex. 30.

Since the appeal bond was approved in this case, nothing has been done in furtherance of the suspended judgment, and the answers of the respondents show that they have not done, or contemplated doing, anything to prejudice the appellate jurisdiction, or to justify the apprehensions set forth in the petition. If the writ of *mandamus* has not been returned not executed, the defendant in the judgment can have it recalled by a writ of supersedeas. R. S., art. 1406.

We think there is no occasion for an injunction, and the restraining order will be set aside, the application be refused, and the cause be dismissed at the cost of the applicants. It is so ordered.

APPLICATION REFUSED AND CAUSE DISMISSED.

[Opinion delivered January 29, 1886.]