### D. B. GRIGSBY ET AL. v. W. H. BOWLES ET AL.

No. 3203.

**Mandamus—District Judge Disqualified Refusing to Certify the Fact.—** There being no law authorizing appeals to this court from a refusal of a district judge to certify to the Governor his disqualification, this court has no jurisdiction to revise his ruling, and has no power to enforce by the writ of mandamus or otherwise the performance of such a duty.

ORIGINAL MOTION from the District Court of Dallas County.

This was an application to the Supreme Court by the appellants, who were plaintiffs below, for "an alternative writ of mandamus" against Judge R. E. Burke, judge of the Fourteenth Judicial District, including Dallas County, commanding him to appear before the Supreme Court and show cause "why a peremptory writ of mandamus should not issue commanding him to certify to the Governor of the State of Texas the fact of his disqualification to try said cause," etc.

June 24, 1890, writ issued, returnable June 28 at 10 o'clock. (Justice Henry not sitting.)

June 27, 1890, the district judge made the following answer:

*D. B. Grigsby et al v. W. H. Bowles et al.*—In the Supreme Court of Texas, Austin Term, 1890. Now comes R. E. Burke, judge of the Fourteenth Judicial District of Texas, and in answer to an alternative writ of mandamus served on him in the above cause says: That it is true that the cause of D. B. Grigsby et al. v. W. H. Bowles et al. is now pending on the docket of the Fourteenth Judicial District, and has been so pending since August 14, 1874; that one A. S. Lathrop was heretofore commissioned by the Governor of Texas special judge to try said cause, and that said Lathrop resigned as such special judge in August, 1889, since which time the parties to said cause, so far as this respondent is informed, have not agreed upon a special judge to try the same. This respondent is disqualified from trying said cause, both by reason of interest in the subject matter of the litigation and also for having been of counsel for some of the defendants.

This respondent has not certified to the Governor of Texas his disqualification to try said cause for the following reasons: Four terms of court have been held since the resignation of Special Judge Lathrop in August, 1889, viz., September, 1889; December, 1889; March, 1890; and May, 1890.

At the September Term, 1889, this respondent exchanged with Judge Rainey, of the Fortieth Judicial District, for the purpose of having him try said cause, and on the same being being called for trial by Judge Rainey it was continued by the plaintiffs.

At the December Term, 1889, this respondent effected an exchange with Judge Head, of the Fifteenth Judicial District, for the purpose of having him try said cause, but three days before the day set for trial the

court house of Dallas County was destroyed by fire, and all causes not tried were continued for the term.

At the March Term, 1890, on account of serious illness, this respondent did not preside during the term and a special judge for said term was elected by the bar, and it is here shown that said special judge was in no way disqualified from trying said cause, but the plaintiffs took no steps to have the same called for trial during said March Term.

At the May Term, 1890 (still being held), this respondent again exchanged with Judge Head, who called the case for trial, and on the 3d day of June (present month) the same was again continued by the plaintiffs.

From the foregoing it will be seen that at each term of the court since the resignation of Special Judge Lathrop an opportunity has been extended to plaintiffs to try said cause, and these opportunities will continue to be extended at each succeeding term by an exchange with other district judges.

This respondent believes that under the Constitution and laws of the State in causes wherein he is disqualified he has the discretion either to certify his disqualification to the Governor for the purpose of having a special judge appointed, or to exchange with some other district judge for the purpose of having him try the same, and he submits that after having exercised this discretion, and extended to the plaintiffs at each term of the court an opportunity to try said cause, that the law has been fully complied with and its objects and purposes fully accomplished.

Wherefore this respondent asks that this application for mandamus be denied and he be finally discharged.

R. E. BURKE,

Judge Fourteenth Judicial District of Texas.

R. E. Burke, being sworn, says the facts stated in the above answer are true.

J. H. STEWART,

Clerk District Court, Dallas County, Texas.

June 28, 1890, the application was transferred to the Tyler Term of the court, with request that the parties file briefs upon the question of jurisdiction.

*Richard Morgan* and *Jeff Word,* for the application, filed the following:
1. Whenever a case is filed in the District Court, then the appellate jurisdiction of the Supreme Court attaches to said case.

Section 3 of article 5 of the Constitution reads as follows: "The Supreme Court shall have appellate jurisdiction only, which shall be coextensive with the limits of the State, but shall only extend to civil cases of which the District Courts have original or appellate jurisdiction." * * *

2. The appellate jurisdiction having attached, the Supreme Court has

power to make all orders and issue all writs necessary to enforce its juris-diction. Const., art. 5, sec. 3; Kleiber v. McManus, 66 Texas, 48.

STAYTON, CHIEF JUSTICE.—The above entitled cause has long been pending in one of the District Courts for Dallas County, and the judge of that district being· disqualified, and the parties having failed to agree upon a special judge, application was made to the district judge to certify to· the Governor of the State the facts which would require him to appoint a special judge, but this the judge refuses to do.

Plaintiffs, showing these facts, apply to this court for a writ of mandamus requiring the judge to make to the Governor the certificate which under the conceded facts he ought to make.

Having doubt as to the jurisdiction of this court to award the writ prayed for, at the Austin Term the matter was referred to counsel for brief upon this question, and in answer to that we have the single proposition that the jurisdiction of this court attaches in every case from the time a petition is filed in a District Court presenting a case of which that court has jurisdiction.

In this broad proposition we do not concur. This court has only such jurisdiction as is conferred on it by law. The Constitution provides that "The Supreme Court shall have appellate jurisdiction only, which shall be coextensive with the limits of the State, but shall only extend to civil cases of which the District Courts have original or·appellate jurisdiction. Appeals may be allowed from interlocutory judgments of the District Courts in such cases and under such regulations as may be provided by law. The Supreme Court and the judges thereof shall have power to issue, under such regulations as may be prescribed by law, the writ of mandamus and all other writs necessary to enforce the jurisdiction of said court."

In so far as the Constitution confers jurisdiction on this court per force of its own terms, this only applies in cases in which there has been a final judgment rendered in a District Court, and this does not attach in a particular case until the laws made for the protection of litigants are complied with or waived by parties interested.

The Legislature has power to provide for appeals to this court from interlocutory judgments of District Courts and to regulate the same, and if the refusal of a district judge to certify his disqualification could be deemed an interlocutory judgment, the inquiry arises whether· appeals from such a judgment have been allowed and regulations therefor provided by law.

We know of no law allowing appeals in such cases, and in the absence of this, this court has no jurisdiction.

In Kleiber v. MacManus, 66 Texas, 50, and in Schultze v. McLeary, 73 Texas, 92, it was held that this court had jurisdiction to hear an appeal

from an interlocutory judgment wherein a qualified judge refused to proceed with the trial of a cause pending in his court, and to compel him by writ of mandamus. This ruling, however, was made on the ground that jurisdiction was conferred on this court to hear and determine appeals from such interlocutory judgments by the Legislature. Rev. Stats., art. 1016.

There being no law authorizing appeals to this court for a refusal of a district judge to certify to the Governor his disqualifications, this court has no jurisdiction to revise his ruling, and hence no power to enforce by the writ of mandamus or otherwise the performance of such aduty; for it is only when such process is necessary to enforce the jurisdiction of this court that it has the power to issue it. Laredo v. Martin, 52 Texas, 548; Churchill v. Martin, 65 Texas, 367.

Having no power to grant the relief prayed, the application will be dismissed.

*Application dismissed.*

Delivered November 21, 1890.

Justice Henry not sitting.