## Amanda Ellis et al. v. J. C. Harrison et al.

Decided May 7, 1900.

**1. Courts of Civil Appeals—Power to Issue Injunction.**

The Courts of Civil Appeals and the judges thereof have the power to issue the writ of injunction whenever it may be necessary, and only where it may be necessary to enforce their jurisdiction.

**2. Same—Power from What Time.**

The power of the appellate court to issue an injunction to enforce its jurisdiction attaches from the time when, by the appeal being perfected, its jurisdiction has attached, and the rule is not changed by the fact that, because the term of the trial court at which the judgment was rendered has not yet expired, the lower court has the power to alter, revise or revoke the judgment.

**3. Same—Injunction Denied—Original Jurisdiction.**

Appellants brought suit in the District Court of B. County to restrain the levy of an execution issued from the District Court of T. County and to set aside the judgment rendered in T. County because of fraud, and as a cloud on their title. They obtained a temporary injunction which was dissolved on final hearing, and a general demurrer was sustained to their petition, from which judgment they appealed, and applied to the Court of Civil Appeals for an injunction to restrain the execution from T. County pending the appeal. Held, that the application must be denied, since the grant of the injunction in such case would be the exercise of original jurisdiction.

**4. Injunction to Restrain Execution—Fraudulent Judgment—Cloud on Title—Jurisdiction.**

The court wherein a judgment was originally rendered is, under the statutes, the court to which an injunction restraining the execution of the judgment is returnable, and the district court of another county, where a levy was made on land by virtue of the judgment, has not jurisdiction to enjoin its sale and to set aside a judgment of the Court of Civil Appeals affirming that of the district court originally rendering it, as being a cloud on plaintiff's title and as having been originally procured in the trial court by fraud. Rev. Stats., arts. 2996, 1141 (17). Adoue v. Wettermark, 22 Texas Civil Appeals, 545, followed.

**5. Execution—Levy on Land.**

Since an execution defendant whose land has been levied on has the right to have the land subdivided and sold in small tracts, he is not entitled to claim damages for an excessive levy on his land: Rev. Stats., arts. 2363, 2364.

**6. Same—Personal Property Not Tendered—Trespass.**

An execution defendant, without offering or tendering to the officer personal property sufficient to satisfy the judgment, can not complain that the execution was levied on his land; nor is the mere levy of an execution on land in itself a trespass for which an action will lie.

**7. Injunction—Restraining Execution Sale—Homestead.**

In an action to enjoin the sale of land levied on, because of homestead interests of two of the plaintiffs who are tenants in common with another, the petition

is insufficient where it does not designate what part of the property is claimed as a homestead.

**8. Same—Sureties on Supersedeas Bond as Parties.**

Sureties on a supersedeas bond on appeal are so far parties to the proceedings and judgment appealed from that they can not, as being strangers thereto, maintain in the district court of another county where land is levied on under the judgment, an action for an injunction to restrain the sale of the land and to set aside the judgment for fraud and as casting a cloud on their title.

**9. Same—Injunction Wrongly Granted—Jurisdiction to Dissolve.**

Where the court was without jurisdiction to determine the issues of a suit in which it had granted a temporary injunction, this fact did not render its action in dissolving such injunction void, thereby leaving the injunction still in force.

APPEAL from Fort Bend. Tried below before Hon. WELLS THOMPSON.

*Eugene Williams,* for appellants.

*Humphreys & McLean* and *Capps & Canty,* for appellees.

ON APPLICATION FOR AN INJUNCTION.

GARRETT, CHIEF JUSTICE.—The appellants filed suit in the District Court of Fort Bend County to vacate and set aside a judgment of the Court of Civil Appeals for the Second Supreme Judicial District which reformed and affirmed a judgment of the District Court of Tarrant County in favor of the appellees, J. C. Harrison and W. B. Harrison, against the appellant, Emmette A. Ellis, and rendered judgment against the appellants, Amanda M. Ellis and C. G. Ellis, the sureties upon the appeal bond of the appellant Emmette A. Ellis, and to enjoin the further execution of said judgment, and particularly the sale of certain real estate belonging to the appellants situated in Fort Bend County and advertised to be sold on the first Tuesday in January, 1900, by virtue of an execution issued out of the District Court of Tarrant County upon said judgment. Averments were also made as special reasons why the sale of the land in question should be enjoined.

Appellants first presented their petition to the judge of said court in chambers and obtained a temporary injunction which enjoined the sale as then advertised, but the injunction was afterwards dissolved in vacation, and when the term of the court came on the cause was heard and a general demurrer to the petition was sustained both for the want of jurisdiction and of equity in the bill, and the suit was dismissed. Appellants immediately perfected an appeal to this court by giving a cost bond. After the dissolution of the injunction the appellees sued out an alias writ of execution, and the land has again been advertised for sale thereunder on the first Tuesday in April proximo. Appellants have filed a transcript of the record and presented to this court an application for an injunction to restrain the sale of the land until the final disposition of their appeal. The District Court of Fort Bend County, for the

term at which the judgment appealed from was rendered, is still in session.

Appellees have filed a plea in abatement to the jurisdiction of this court to entertain the said appeal, or to make any order in said cause until the District Court of Fort Bend County shall have finally adjourned for the term. During the term of the district court at which a judgment has been rendered the judgment remains in the breast of the court, and may be altered, revised, or revoked, although an appeal therefrom has been perfected. Blum v. Wettermark, 58 Texas, 125; Garza v. Baker, 58 Texas, 483; Churchill v. Martin, 65 Texas, 367; Grubbs v. Blum, 62 Texas, 426; Hooker v. Williamson, 60 Texas, 525; Blackburn v. Knight, 81 Texas, 331; Railway v. Railway, 68 Texas, 103. But when an appeal from such judgment has been perfected during the term of the court at which it was rendered, the jurisdiction of the appellate court attaches, subject to the power of the district court to alter, revise, or revoke the same, and it may protect and enforce its appellate jurisdiction by the writ of injunction. Churchill v. Martin, supra. So, if it should be conceded that the appellate court has no power to hear and determine the appeal during the term of the court at which the judgment appealed from was rendered, yet the appellate court may protect or enforce its jurisdiction by injunction to prevent the execution of the judgment below. The plea to the jurisdiction is overruled.

The Constitution of this State, as amended in 1891, conferred upon the Supreme Court and the justices thereof the power to issue writs of habeas corpus as may be prescribed by law, and under such regulations as may be prescribed by law to issue such writs as may be necessary to enforce its jurisdiction. Const., art. 5, sec. 3. This jurisdiction had already existed before the adoption of the amendment. But the amendment went further, and provided that the Legislature might confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified except as against the Governor of the State. The power was conferred and has been frequently exercised. This amendment created the Courts of Civil Appeals, but did not provide in terms any jurisdiction as to the issuance of writs either in the exercise of original jurisdiction or in aid of its jurisdiction over causes before it on appeal. It contains, however, the provision that the Courts of Civil Appeals shall have such other jurisdiction original and appellate as may be prescribed by law. Amended Const., art. 5, sec. 6. In accordance with this provision of the Constitution the Legislature conferred power on said courts and the judges thereof to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts. Rev. Stats., art. 997. This was the power in such case conferred on the Supreme Court before the amendment. Rev. Stats. 1879, art. 1012. Thus it will be seen that the Courts of Civil Appeals and the judges thereof have power to issue the writ of injunction only whenever it may be necessary to enforce the jurisdiction of such courts, and that the decisions of the Supreme Court

construing the law enacted with respect to its jurisdiction in such case in the same language are applicable to the exercise of such jurisdiction by the Courts of Civil Appeals.

In City of Laredo v. Martin, 52 Texas, 548, the city brought suit to enjoin Martin and others from maintaining a ferry between the city of Laredo, Texas, and the town of New Laredo, Mexico. The injunction was refused on the day the petition was filed, and the appellant excepted, the record not showing that it was during a term of the court that the petition was filed and the exceptions taken. Afterwards, upon a trial of the case, a judgment was rendered against the plaintiff that the corporation take nothing by the suit, and the case was appealed to the Supreme Court. The appellant made an application in the Supreme Court for a temporary writ of injunction to be issued by that court to restrain the defendant as prayed for in the sworn petition, until the final determination of the appeal, referring to the pleadings and the evidence in the record in support of the application. The Supreme Court denied the application because a writ of injunction was not necessary to enforce the jurisdiction of the court, and if it could be so held, no regulations for issuing it had been prescribed by law. The court said: "Its jurisdiction being appellate only, the court is not invested by the Constitution and laws with such general powers as would enable it to protect the parties from damage during the pendency of the appeal. The issuing of an injunction for such a purpose would be the exercise of original and not of appellate jurisdiction in the case. It would be doing that which, it is contended, the district court should have done before the trial." No distinction in principle can be made between City of Laredo v. Martin and the case now before the court. See also Grigsby v. Bowles, 79 Texas, 138. If this court should grant the writ of injunction prayed for, it would be exercising an original jurisdiction not conferred upon it by law.

We express no opinion about the merits of the appeal. If this court was of the opinion that the writ was invoked in an instance in which it had the power to grant it, the court would not stop to look into the merits of the case before granting the writ, but would only inquire as to the necessity of it to enforce the appellate jurisdiction of the court. The application will be refused.

*Application denied.*

Rendered March 30, 1900.

### ON THE MERITS.

PLEASANTS, ASSOCIATE JUSTICE.—Appellees, John C. Harrison and W. B. Harrison, instituted suit in the District Court of Tarrant County against appellant, E. A. Ellis, in July, 1898, in which suit they sought to recover judgment against Ellis for the amount of a note for the sum of $22,000, besides interest and attorney's fees, for the amount of a draft for the sum of $5000, and for the value of thirty-seven bonds

of the San Antonio Street Car Company, of the denomination of $1000 each. They alleged in their petition that Ellis had executed said note and said draft and the contract for the delivery of said bonds to plaintiffs, by which said contract he also guaranteed the interest on said bonds for three years. They alleged in their petition that the consideration which moved Ellis to execute and deliver to them said note and said draft and said contract for the delivery of said street car bonds and the guaranty of interest on the same, was the sale and delivery by them to said Ellis of 500 shares of the capital stock of the Standard Light and Power Company, of Fort Worth, Texas.

Ellis answered by denying that he had ever completed the purchase of said Standard Light and Power Company's stock, and denied that he had ever delivered said note and said draft and said contract as obligations against himself. He set up in his answer that said papers had been executed by him, but had not been delivered, as obligations, but had only been placed in the State National Bank of Fort Worth in escrow, to be delivered after certain alleged terms and conditions in said transaction were completed. Plaintiffs in that suit replied to defendant's answer that said contract was completed on the 30th of June, 1898, and that said note and draft and said contract of sale of the San Antonio street car bonds had been delivered to them as binding obligations against defendant.

A trial was had in the case in the District Court of Tarrant County in January, 1899, and judgment was rendered against Ellis in favor of plaintiffs for the sum of about $44,000, being the amount of said note, principal, interest, and attorney's fees, the amount of said draft and interest, and the value, as found by the court, of the San Antonio street car bonds. Ellis filed his motion for new trial in the District Court, and upon the overruling of the same he gave notice of appeal to the Court of Civil Appeals of the Second Supreme Judicial District of Texas, at Fort Worth, and in due time perfected his appeal by filing a supersedeas appeal bond with his coappellants in this case as sureties on said bond. A trial of the cause was had in the Court of Civil Appeals in the month of June, 1899, and the judgment of the District Court in favor of plaintiffs for said money was affirmed, and judgment rendered against the principal and sureties on the appeal bond. An application for rehearing on the part of Ellis was refused by said court, and thereupon a petition for writ of error was filed, which, upon consideration by the Supreme Court, was denied.

Thereafter, in due time, the mandate was issued by the Court of Civil Appeals and filed in the District Court of Tarrant County, Texas, and upon that mandate an execution was issued, directed to the sheriff of Tarrant County. This execution was duly returned by the sheriff of Tarrant County, with his return thereon that there was no property of defendants found in his county. Thereupon alias execution was sued out, directed to the sheriff or any constable of Fort Bend County, and

was, by the constable of precinct No. 1 of that county, levied upon the interest of the defendants in execution on a body of land in Fort Bend County. Plaintiffs in that execution had, prior to the issuance of the same, filed for record, and caused to be recorded in the office of the county clerk of Fort Bend County, abstracts of said judgments. After the levy of said execution upon the land in Fort Bend County, appellants applied to the Hon. Wells Thompson, judge of the District Court of Fort Bend County, for a writ of injunction enjoining said judgment and execution and the sale of said property, upon the grounds substantially as alleged in appellants' amended original petition as hereinafter stated.

A temporary writ of injunction, returnable to the District Court of Fort Bend County, was granted upon said application, and said petition was filed in the District Court of Fort Bend County. On the 13th of February, 1900, upon hearing of the motion to dissolve the injunction in chambers at Hempstead, Texas, the judge who granted the injunction dissolved the same for the want of equities in the bill, and for the want of jurisdiction in his court over said cause. Said judgment of dissolution was duly entered upon the minutes of the District Court of Fort Bend County, and on the 16th of March, 1900, the District Court of Fort Bend County being in session, a judgment was rendered dismissing the petition and rendering judgment that plaintiffs take nothing by their suit. From that judgment appellants have brought up the case to this court.

For a full statement of the issues in the District Court of Tarrant County, and in the Court of Civil Appeals, see the case of Ellis v. Harrison, 52 Southwestern Reporter, 581.

Appellants' first amended original petition, to which the trial court sustained a general demurrer, alleges that the judgment recovered by the Harrisons in the District Court of Tarrant County, and which is alleged to have been merged into the judgment of the Court of Civil Appeals, was obtained by fraud and perjury; that the record of said judgment in the judgment records of Fort Bend County casts a cloud upon the title to appellants' land in said county; that the interest of appellants in the land levied upon was worth $300,000, and the interest of Emmet Ellis in said land was worth $75,000, and that the levy sought to be enjoined was excessive; and further alleges that Mrs. Amanda Ellis and Emmett Ellis are each entitled to a homestead out of their several interests in said land. The prayer of the petition is for an injunction restraining the sale of the land; for a removal of the cloud upon the title; for the recovery of damages for the excessive levy, as against the Harrisons and the constable, Bass, who are charged with jointly conspiring to make such levy and injure appellants; "for a decree setting aside the judgment of the Court of Civil Appeals affirming and merging into the judgment of the District Court of Tarrant County of January 6, 1899;" and for judgment against the said Harrisons for any amount found to be due by reason of the fraud and deceitful representa-

tions made in the contract upon which said suit in the District Court of Tarrant County was brought, should it finally be determined that said contract should be enforced, and for injunction restraining the further issuance or levy of execution or sale under said judgment, because of its invalidity by reason of the fraud, false testimony and fraudulent representations alleged in the petition. There is a further prayer to restrain said sale because of the homestead interest of Mrs. Ellis and Emmett Ellis in said land. The petition sets out at great length the proceedings in the case in the District Court of Tarrant County, and attaches as exhibits copies of the pleadings and the contract upon which said suit was brought, and alleges in detail the circumstances under which said contract was made, and charges appellees with fraud, deceit, and perjury in the procurement of said contract and in their testimony upon the trial of said cause.

The first assignment of error challenges the judgment of the trial court dismissing this suit for want of jurisdiction, appellants' contention being that the District Court of Fort Bend County had jurisdiction to hear and determine this cause: First, because the judgment of the District Court of Tarrant County has been merged into the judgment of the Court of Civil Appeals, and is no longer in existence, and this suit is to set aside a judgment of the Court of Civil Appeals because the same was obtained by fraud and perjury in the District Court. Second, the Court of Civil Appeals having no original jurisdiction to determine whether said judgment was so obtained, and such jurisdiction being in the District Court alone, the suit must be brought in the District Court of Fort Bend County, because it is a suit to remove cloud from the title to real estate, and must be brought in the county in which the land is situated. Third, because this is a suit to enjoin the sale of a homestead and is properly brought in the county where the homestead is located. Fourth, because this is an action to recover damages for an excessive levy, and Bass, one of the alleged joint tort feasors, resides in the county in which the suit was brought. Fifth, because Mrs. Amanda Ellis and C. G. Ellis are strangers to the judgment of the District Court of Tarrant County, and have the right to enjoin the execution of said judgment in any court otherwise having jurisdiction.

In support of these propositions appellants' counsel presents an argument showing great learning, ability, and ingenuity, and so plausible that upon first blush it may appear to be sound, but when tested by well established principles of law which are founded in the highest reason and upon the soundest public policy, is demonstrated to be false. It is manifest from a reading of the petition that the main object of this suit is to set aside the judgment of the District Court of Tarrant County, or, in other words, to obtain a new trial of said suit, and the allegations as to the cloud upon the title of appellants' land, the excessive levy and the homestead claims of Mrs. Ellis are injected into the petition upon the theory that if any one of said allegations is sufficient to give jurisdiction to the District Court of Fort Bend County,

that court could and would assume jurisdiction of the whole case. We think the general demurrer was properly sustained to the petition in so far as this suit is sought to be maintained as an action to remove cloud from title, or to recover damages for an excessive levy, or to restrain the sale of a homestead, because the petition does not allege facts sufficient to constitute any of said causes of action, but on the contrary shows upon its face that no such cause of action exists in favor of appellants against appellees.

It appears from the petition that the only cloud upon the title to appellants' land which is sought to be removed by this suit is the record of the judgment of the Court of Civil Appeals reforming and affirming the judgment of the District Court of Tarrant County, and if the District Court of Fort Bend County has no jurisdiction to try a suit brought directly to set aside such judgment, it clearly could not set aside the judgment in a collateral attack made upon it in a suit to remove cloud from title. Were the rule otherwise, we would have the anomalous condition that one district court could enjoin and set aside the judgment of another district court when an abstract of the judgment sought to be enjoined was filed and because a lien upon land situated in the county in which the suit for injunction was brought, but when no abstract was filed, such jurisdiction would not attach either to restrain a levy upon or sale of the land under an execution issued upon said judgment, or to set aside said judgment.

The allegations as to an excessive levy and the failure to first levy upon personal property show no cause of action for damages against either the appellees Harrison or the constable, Bass. The levy being upon land, appellants could protect themselves against an excessive levy by having the land subdivided and sold in small tracts as provided by the statute (articles 2306, 2307, Revised Statutes, 1895) ; and without offering or tendering to the officer personal property sufficient to satisfy the judgment, they can not complain of the levy upon their land. Ross v. Lester, 14 Texas, 469; Anderson v. Oldham, 82 Texas, 228; Railway v. Wright, 88 Texas, 346. It has been expressly held that the mere levy of an execution on land is not a trespass for which an action will lie, and no facts are alleged in the petition in this case which show any damage to appellants by reason of said levy. Mikeska v. Blum, 63 Texas, 44; Trawick v. Martin, 79 Texas, 460; Girard v. Moore, 80 Texas, 675.

In so far as the allegations as to the homestead interests of Mrs. Ellis and Emmett Ellis are concerned, the petition shows that appellants were tenants in common of said land with one Leigh Ellis, each owning an undivided one-fourth of the entire body of land levied upon, and fails to describe or in any way designate what part of said land was claimed as homestead by either of said appellants. It was clearly impossible for the officer to designate any certain portions of said land as the homesteads of Mrs. Ellis and Emmett Ellis, because neither of said appellants

owned any part of said land in severalty, and appellants not offering to amend their petition in this regard, the suit was properly dismissed.

The question as to the jurisdiction of one district court to entertain a suit to set aside or enjoin the execution of the judgment of another district court was recently passed upon by this court in the case of Adoue v. Wettermark, 22 Texas Civil Appeals, 545, and we adhere to the views expressed in our opinion in that case.

It may be that for some purposes and in a certain sense the judgment of the District Court of Tarrant County was, as is contended by appellants, merged into the judgment of the Court of Civil Appeals, but the District Court of Tarrant County is the court in which said judgment was originally rendered and to which an injunction restraining the execution of said judgment is returnable. Rev. Stats., arts. 2996, 1194 (17). We think, to use the language of appellees' brief, "that the statutes of our State above cited, providing that suits to enjoin the execution of a judgment must be brought in the county in which such judgment was rendered, and providing that writs of injunction granted to stay execution on a judgment shall be returnable to and tried in the court where such judgment was rendered, were clearly intended to provide a forum for all suits assailing judgments. It was well understood by the Legislature that suits to set aside judgments and suits in equity to restrain the execution of judgments, and suits in the nature of actions for new trials, could not be brought in the courts of last resort. Having this principle clearly in view, the Legislature could have meant by these statutes but one thing, and that is that the only court in which a suit can be brought, the purpose of which is to set aside, reopen or enjoin the execution of a judgment, is the court in which the judgment was originally rendered. If any exception had been intended as to judgments rendered by the courts of last resort, it is entirely reasonable to suppose that provision would have been made therefor. And it can not be doubted that all such suits must, under the statutes cited, be brought in the court in which the judgment was originally rendered, and having equitable jurisdiction over such cases. Such is the rule at common law, and its purpose is well understood to be to prevent conflicts and confusion between the courts."

Without expressing any opinion as to the sufficiency of the allegations in the petition to entitle appellants to have the judgment sought to be enjoined set aside by a suit in the court in which said judgment was originally rendered, we are of opinion that the District Court of Fort Bend County was without jurisdiction to try this case, and the suit was properly dismissed. This suit is in effect an application for a new trial of the cause originally tried in the District Court of Tarrant County, in which county the defendants in the original suit reside. It can not be that the right of a defendant to be sued in the county of his residence, which has ever been jealously guarded by our laws, is a substantial and enforcible right only in original proceedings, and can be utterly disregarded in a suit for new trials. If the law is as contended by ap-

pellants, then a judgment against a defendant who is able to continuously employ counsel and institute suits could never be enforced, for if proceedings of this kind can be resorted to once they may be any number of times. Every consideration of sound public policy demands that there be an end of litigation after a party has had his day in court, and to permit one district court to set aside and to interfere with the judgment of another would cause endless confusion and greatly retard, if not wholly prevent, the due and orderly administration of justice.

There is no merit in appellants' contention that Mrs. Ellis and C. G. Ellis are strangers to the judgment of the District Court of Tarrant County, and therefore they can bring this suit in Fort Bend County. They are not strangers to said judgment. True, the judgment was not originally against them, but by the execution of the supersedeas bond they became parties to that proceeding, and are in no sense strangers to the record in that suit.

Appellants' final contention is that if the District Court of Fort Bend County is without jurisdiction to hear and determine the issues in this case, it was also without jurisdiction to hear the motion to dissolve the injunction heretofore issued by the judge of said court, and the judgment dissolving said injunction is therefore void, and said injunction is still in existence. We hardly think appellants' counsel would seriously insist on the soundness of this proposition, as we can not conceive of there being an existing injunction with no suit pending, nor petition nor judgment in existence upon which such injunction was issued or is based.

We find no error in the judgment of the court below, and it is in all things affirmed.

*Affirmed.*