## ROBBIE v. UPSON.

(Court of Civil Appeals of Texas. San Antonio. Oct. 23, 1912. On Motion for Rehearing, Dec. 11, 1912.)

APPEAL AND ERROR (§ 76*) — APPEALABLE ORDERS — FINALITY OF DETERMINATION — APPEAL TAKEN DURING TERM — "FINAL JUDGMENT."

Although an appeal was taken from a judgment pending in term, and at a time when the court still had control thereover, and might have granted a new trial, or amended or changed the same, it was none the less a "final judgment," and the appeal was perfected by the ending of the term without a change therein or the granting of a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426–428, 430, 431, 435–442; Dec. Dig. § 76.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7763.]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Action between W. Robbie and James V. Upson. From a judgment for Upson, Robbie appeals. On motion to dismiss appeal. Overruled.

FLY, J. This case was tried at the May term of the county court of Bexar county for civil cases, which term began on May 6, 1912, and could have held until the first Monday in July, which in this instance was July 1st, a period of exactly 8 weeks. The cause was tried on May 11, 1912, by the court, without a jury, and judgment rendered in favor of appellee. Appellant gave notice of appeal, and on May 23d filed his appeal bond, which was approved by the clerk. County court did not close until May 28th.

It is the contention of appellee that the bond was prematurely filed, because the court had full control over its judgment until the end of the term, and the judgment was not final, and could not be appealed from. It is true that the county court had control over the judgment, and might have granted a new trial therein, or amended or changed the same, and the jurisdiction of the appellate court might not attach until final adjournment of the trial court. Still, when that adjournment took place, and the court had not in any way exercised its power and authority over the judgment, the jurisdiction of this court at once attached under the bond. That is what is decided in the cases of Blum v. Wettermark, 58 Tex. 125, and Garza v. Baker, 58 Tex. 483, cited by appellee to sustain a totally antagonistic proposition to the one asserted by the Supreme Court. In the case first cited appellant filed his appeal bond during the term of court at which the judgment was rendered, and afterwards, before the court adjourned, the court set aside its judgment. The parties in whose favor the judgment was rendered objected to the action of the court in granting the new trial because the appeal had been perfected. The Supreme Court overruled that contention, holding that the jurisdiction of the Supreme Court would have attached after adjournment if the new trial had not been granted. The same ruling was made in the last case cited.

In the case of Churchill v. Martin, 65 Tex. 367, it was held that: "After the approval of such a bond the district court, during the term, still has jurisdiction to modify or set aside the judgment appealed from, but not to enforce such judgment. When the bond has been filed and approved, the complaining party has done, substantially, all required of him to give this court jurisdiction of the case, and this court may then, under the Constitution, to protect or enforce its jurisdiction, issue writs of injunction," etc. This was said in regard to an appeal perfected during the term of the court at which the judgment was rendered, and the appeal was declared perfected.

The law requires the filing of an appeal bond within 20 days after notice of appeal is given, which would often cause it to be filed during the term of the court in cases tried in a court whose term may continue more than 8 weeks, and such procedure would not be required if the judgment were not such a one as could be appealed from. The term of the court at which this cause was tried could not continue more than 8 weeks and the filing of the appeal bond during the term is not sustained on that ground, but on the ground that an appeal bond can properly be filed in any case during the term at which the judgment was rendered, no matter what the length of the term may be and if the judgment is not set aside before the end of the term by the trial judge the appeal will be perfected. Ellis v. Harrison, 24 Tex. Civ. App. 13, 56 S. W. 592, 57 S. W. 984.

The motion to dismiss the appeal is overruled.

### On Motion for Rehearing.

In the petition filed by appellee he set up his defenses very fully, pleading the merits, and the same were denied, "each and every one of them," and this placed the case on its merits before the court. In the judgment it is recited that "the matters in controversy as well of fact as of law were submitted to the court" and under the pleadings the whole case must have been considered. The petition for an injunction taken with the motion to dissolve placed the case on its merits before the court. The second order granting the motion to dismiss is set aside and the first order overruling it is adhered to.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes