NEEDHAM et al. v. ARNO CO-OP. IRR. CO.
(No. 774.)

(Court of Civil Appeals of Texas. El Paso. May 31, 1917. Rehearing Denied June 28, 1917.)

1. INJUNCTION ⬤122—PETITION—VERIFICATION—SUFFICIENCY—STATUTE.
    In a suit to enjoin defendants from voting stock in an irrigation company and from holding stockholders' meeting and from issuing and using minute books and stock certificates and company seal alleged to be fraudulent, where petition was amended and affidavit attached at the time of the granting of a temporary injunction, the verification was a sufficient compliance with the statute.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268.]

2. INJUNCTION ⬤118(1)—PETITION—VERIFICATION—SUFFICIENCY—STATUTE.
    Allegations in the petition upon information and belief were sufficiently positive.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–232, 234.]

3. INJUNCTION ⬤118(1)—TEMPORARY INJUNCTION—GROUNDS.
    In view of article 4643, Rev. St. 1911, providing for a writ of temporary injunction to issue where, pending litigation, it should be made to appear that the party doing some act respecting the subject of litigation, or who is threatening or about to do some act, or is procuring or suffering the same to be done in violation of the rights of the applicant which would tend to render judgment ineffectual, in suit to restrain defendants from acting as stockholders and con-

ducting the affairs of an irrigation company, a petition alleging the pendency of suits, failure of defendants to comply with a temporary injunction, and acts of the defendants which would render judgment ineffectual, together with exhibits, was sufficient as to affirmative and negative averments to be the basis of the writ of temporary injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–232, 234.]

**4. PLEADING** ⟐⟐129(1) — ADMISSIONS—ALLEGATIONS NOT CONTROVERTED.

Facts alleged by the petition not controverted by the answer are to be taken as true on appeal.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270, 274, 275.]

**5. APPEAL AND ERROR** ⟐⟐447—EFFECT OF APPEAL — JURISDICTION OF DISTRICT COURT — TEMPORARY INJUNCTION.

As the writ of injunction is auxiliary to the relief sought in the main suit, and cannot be maintained separately, the district court had jurisdiction to grant a writ of temporary injunction enjoining persons from voting shares of stock in an irrigation company, title to which was being litigated on appeal from the district court's judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2207.]

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Suit for injunction by the Arno Co-operative Irrigation Company against Leslie A. Needham and others. From an order granting a temporary injunction, the defendants appeal. Affirmed.

See, also, 177 S. W. 991.

Leslie A. Needham, of Chicago, Ill., and Spencer B. Pugh, of El Paso, for appellants. Clay Cooke and Jno. B. Howard, both of Pecos, for appellee.

HARPER, C. J. This is an appeal from an order granting a temporary injunction in vacation restraining Leslie A. Needham and Spencer B. Pugh from voting certain stock in an irrigation company, from holding stockholders' meetings, and from issuing and using minute books and stock certificates and company seal alleged to be fraudulent.

The petition recites: That the Arno Co-operative Irrigation Company is a private corporation under the laws of Texas; that John B. Howard is president and Clay Cooke is secretary; complain of Leslie A. Needham and Spencer B. Pugh; that in December, 1912, said Pugh and Needham, acting with John B. Dandridge and I. O. Carroll, under a pretended ownership of 7,804 shares of capital stock of said corporation, took forcible possession of the irrigation system, elected themselves officers, without authority, caused fraudulent minute books to be prepared, a fraudulent seal and fraudulent stock certificate book, and signed and executed sundry certificates of stock in said company, and, while pretending to be officers of said corporation, executed fraudulent deeds which purported to convey all the water rights of the irrigation company to said Dandridge

and Pugh, and that said Dandridge and Pugh, in turn, pretended to convey same to the Trans Pecos Land & Irrigation Company, being a corporation organized by said parties; that by reason thereof the Arno Irrigation Company, joined by its officers and R. G. Werner, at the time alleged to be the owner of the 7,804 shares of stock, filed suit in the district court of Reeves county to recover possession of said system and to enjoin the said defendants from acting for the company, from interfering with its possession of the property, and from attempting to vote said 7,804 shares of stock; that in 1913 the said Trans Pecos Land & Irrigation Company, joined by said Dandridge and Pugh, filed suit in the district court of Reeves county to recover of said Werner said shares of stock, which two suits were consolidated (a specific statement of the issues involved in said consolidated suits is to be found in 177 S. W. 991, opinion by this court); that upon the trial of the said consolidated causes the district court decreed that said Needham was not entitled to recover said stock, and the said Needham, Pugh, Dandridge, and Carroll were enjoined from controlling or voting it and from pretending to act as officers of the corporation; that, because said decree permitted said parties to retain possession of the system, the cause was appealed to the Court of Civil Appeals, Eighth District; that upon final hearing the latter court held the parties to be entitled to all the relief prayed for, but reversed and remanded the cause, thereupon application for writ of error was filed with the Supreme Court upon the sole ground that the cause should have been rendered, and the writ was granted; that the said consolidated causes are pending in the Supreme Court of Texas; that the said Needham, Dandridge, Pugh, and Carroll, nor either of them, appealed nor filed any cross-assignments of error, and are therefore bound by the decree of Court of Civil Appeals; that said Leslie A. Needham, as alleged trustee for the stockholders of the Trans Pecos Land & Irrigation Company, immediately instituted another suit in the district court of Reeves county, Tex., to recover said 7,804 shares of stock aforesaid; that said suit was by the defendant Werner removed by petition and bond duly filed to the honorable District Court of the United States for the Western District of Texas, and is now pending in said court at El Paso division; that, notwithstanding said removal and the prior adjudication and determination of said rights, the said state court proceeded in said cause and rendered judgment in the Forty-First judicial district court of El Paso, Tex., on or about the 27th day of February, 1917, decreeing said 7,804 shares of stock to said Needham, but directing in said decree that upon the filing by said Robert G. Werner and Arno Co-operative Irrigation Company

of a supersedeas bond in the sum of $15,000 said judgment be in all things superseded until the return of the mandate in said cause; that said supersedeas bond, in accordance with the order of said court, was filed in said cause on the 8th day of March, 1917, at about 8.30 o'clock a. m.; that there has been no motion to change this injunctive order, but in violation thereof the said defendant Needham issued notices, as owner of the said shares of stock, for a stockholders' meeting as the owner of the said 7,804 shares, with the purpose of electing another set of officers for plaintiff company and to cause such officers to issue fraudulent certificates of stock, etc.; that the duly elected officers have possession of the genuine stock book, minute book, and seal; that the pretended election will result in forged certificates of stock, deeds to water rights, etc., to parties unacquainted with the facts, and will result in a multiplicity of suits against the company and its true stockholders, etc.; that the said acts will tend to render ineffective the final judgment of the Supreme Court of Texas in the consolidated cases, and also the final judgment of the Court of Civil Appeals or Supreme Court in the cause appealed from the Forty-First judicial district court. The prayer is:

"Wherefore, premises considered, the said Arno Co-operative Irrigation Company respectfully prays that this honorable court issue immediately its temporary injunction restraining said Needham individually and as alleged trustee and the said Spencer B. Pugh from voting or attempting to vote said 7,804 shares of stock in said Arno Co-operative Irrigation Company; from holding or attempting to hold any alleged stockholders' or directors' meeting of said company, and from using any seal, stock certificate book, or minutes of said company; from signing the Arno Company's name to any instrument; from entering upon or interfering with the possession of said Arno Co-operative Irrigation Company's system, or any of its property in Reeves county, Tex.; from pretending to act as officers of said company; that the said injunction remain in full force and effect until the return of the mandates in said consolidated causes aforesaid and in said suit in said Forty-First district court aforesaid, and until the further order of this honorable court."

Affidavit as follows attached:

"The State of Texas, County of Midland.

"Before me, the undersigned authority, on this day personally appeared Clay Cooke, who, being first duly sworn, states on oath that the matters and things set forth in the foregoing petition are true, except as to such matters stated to be alleged on information and belief, and as to such matters he verily believes same to be true"

—with exhibits attached.

Notice was issued for the parties defendant to show cause why temporary injunction should not issue. They filed no answer. The court granted the injunction upon the filing by appellee of a bond in sum of $6,000, which was filed. Thereupon appellants perfected this appeal.

[1] The first suggestion of error by appellant is that the petition when filed was not sworn to. The petition was amended, and affidavit attached as above noted, and it was so verified at the time the court granted the injunction. This is a sufficient compliance with the statute.

[2] Second: "The court erred in granting the injunction because the allegations in the petition are not positive, but upon information and belief." The allegations are sufficiently positive.

[3] And in answer to the third the petition with its exhibits is sufficient as to affirmative and negative averments to be the basis of the writ prayed for.

Article 4643, Rev. St. 1911, provides for the writ to issue where—

"pending litigation it shall be made to appear that a party doing some act respecting the subject of litigation, or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant, which act would tend to render judgment ineffectual."

[4] It will be noted that the petition alleges (since not controverted by answer are by us to be taken as true) that the consolidated suits now before the Supreme Court are to establish the right of the present trustees and officers to have possession of and manage the property of the corporation, the irrigation system; that the suit transferred to the United States court and to the Forty-First district court of Texas, now pending upon appeal in this court from the latter, was to try the title to the 7,804 shares of stock aforesaid and the right to vote them.

The notice of the stockholders' meeting is:

"You will please take notice that a special meeting of the stockholders of the Arno Co-operative Irrigation Company will be held at the office of said company at Arno, Reeves county, Tex., on Thursday, the 8th day of March, 1917, at the hour of 8 o'clock a. m., for the purpose of exercising corporate action in the following matters and things, and all matters appertaining or relating thereto, or necessary for the purpose of executing the same, to wit:

"(1) The calling to account, discharge, and removal of all directors, officers, employés, agents, and attorneys, either de jure or de facto, and any and all persons acting or claiming to act as such, or who may have heretofore acted or claimed to act as such, or to have been appointed or elected as such, and to exercise such action under and by virtue of articles 30, 31, and 32 of the by-laws of the company, the intention being, in case of favorable action by the majority of the stockholders, to vacate all directoral position and other offices and employments as at present or heretofore constituted by any authority, with a view to a rehabilitation of management and control of said corporation.

"(2) The election of a new board of three directors to fill the vacancies thereby created and the transaction of any such business as shall be deemed necessary to carry into effect the action and purpose above specified.

"You are further notified, in case you are acting as or claim to hold any office or employment under the company, or have in your possession any books, papers, documents, or thing belonging to the company, to appear at said meeting and give an account of the same and to have there present any and all such books, papers, documents, or things.

"Signed and mailed at El Paso, Tex., this 2d day of March, 1917.

"Leslie A. Needham, Trustee."

It seems clear that to permit these parties, during pendency of these suits, to take such action as is indicated or threatened in the above notice, would tend to render any judgment finally entered ineffectual. There is no pretense that this was an annual election provided for by statute.

[5] The fourth is that the court had no jurisdiction to hear and determine the matters set up in the petition or to grant the injunction. As stated above, article 4643, R. S. Tex., authorizes an injunction in such cases. But appellants suggest that, a final judgment having been rendered, appeal perfected, and the term of court expired, the jurisdiction of the trial court over the subject-matter is gone. This is not an attempt to change any judgment or order of the court theretofore rendered, but is a petition in the same suits to protect the subject-matter of the suits. (The writ of injunction directed by the court in the consolidated cases would seem to be sufficient and now in force?) It has long been the rule in Texas that the writ of injunction is auxiliary to the relief sought in the main suit, and that two suits cannot be maintained, one for injunction, and the other for final relief. Brady v. Hancock, 17 Tex. 361. And since this writ enjoins the defendant Needham from voting the shares of stock, the title to which is being litigated in the other suit, the order for the writ in no sense changes any judgment or order theretofore entered. And this is not an application to enforce or protect this court's appellate jurisdiction. Ellis v. Harrison, 24 Tex. Civ. App. 13, 56 S. W. 592, 57 S. W. 984. So the district court, and not this court, has jurisdiction to grant such writs.

The answer to the sixth and seventh, which charge that there was no evidence upon which to base the order, is that the allegations in the petition, not having been controverted, are taken to be true.

There are other assignments and propositions possibly not specifically passed upon by the above observations, but they have received our consideration, and are thought to be without merit.

Finding no error in the record, the cause is affirmed.