**BRAZORIA COUNTY et al., Appellants,**

v.

**Howard W. "Joe" UPHAM et al., Appellees.**

**No. 13237.**

Court of Civil Appeals of Texas.

Houston.

Dec. 19, 1957.

**532**

Sam Lee, Dist. Atty., Brazoria County, Angleton, for appellants.

Phillips & Goff, Jimmy Phillips, E. R. Goff, Angleton, for appellees.

PER CURIAM.

On October 1, 1957, appellees obtained a judgment granting a writ of mandamus against appellants, who were the members of the Commissioners Court of Brazoria County, requiring them to call an election for the creation of a Public Hospital District in a certain defined area of Brazoria County, pursuant to the acts of the 55th Legislature of Texas, 1957, Chapter 199, page 406. Notice of appeal was given on the same date. On October 7, appellants filed their appeal bond. On October 18, the transcript and statement of facts were filed in this Court.

On December 9, appellees filed their motion to dismiss the appeal, alleging that on October 30 the trial court had set aside the judgment granting the writ of mandamus and had entered judgment denying to appellees any relief. This was done on motion of the appellees, filed in the trial court. Too, it is alleged that the election has been called and held in a part of the area originally described in the petition of appellees. This motion is supported by a supplemental transcript which contains a copy of the motion and judgment. The judgment of the trial court of October 30 sets aside the judgment of October 1 and then denies appellees all relief they had sought in the trial court.

Appellants oppose the motion to dismiss the appeal, contending that when the appeal to this Court was perfected the trial court lost jurisdiction.

The rule that the "perfection of an appeal transfers the entire controversy to the appellate court, and clothes it with plenary exclusive jurisdiction over the entire controversy, both as to the parties and the subject matter," is subject "to the power of the trial court to modify or set aside its judgment" before the judgment becomes final. 3–A Tex.Jur., p. 412, Appeal & Error, § 335; Blum v. Wettermark, 58 Tex. 125; Churchill v. Martin, 65 Tex. 367; Cude v. Sanderson, Tex.Civ.App., 235 S.W. 2d 927. Under Rule 330(j), Texas Rules of Civil Procedure, judgments in civil cases in District Courts do not become final until the expiration of 30 days after rendition or overruling a motion for new trial, if such motion is filed. No motion for new trial was filed in this case.

The trial court had jurisdiction to set aside the judgment of October 1 because it was not a final judgment since 30 days had not elapsed since its rendition.

The motion to dismiss the appeal is granted.