**BLAYLOCK et al. v. WILSON et al.**
(No. 8403.)

(Court of Civil Appeals of Texas. Dallas.
Oct. 20, 1923.)

**1. Prohibition ⬤═13—Application for writ of prohibition held to present only moot question after appeal in suit prosecution of which was sought to be enjoined.**

An application for a writ of prohibition to prevent further prosecution of a particular suit after an appeal has been taken in that suit to the court to which the application is made, presents only a moot question, since by the appeal the appellate court is clothed with plenary, exclusive jurisdiction, and the trial court divested of jurisdiction so that no further order could be made.

**2. Appeal and error ⬤═455—After filing transcript of record, appellate court assumes jurisdiction, and takes judicial knowledge of proceedings.**

From the date of filing of the transcript of the record on appeal, the appellate court assumes active jurisdiction, and takes judicial knowledge of all proceedings incident to and connected with the prosecution of such suit.

Original petition by L. Blaylock and others, for writ of prohibition to be directed against Louis Wilson and others. Writ refused.

Templeton, Beall, Williams & Worsham and J. J. Collins, City Atty., all of Dallas, for relators.

Clark & Clark, of Dallas, for respondents.

VAUGHAN, J. The original application for writ of prohibition to issue in this cause was filed in this court on the 26th day of September, 1923, to prevent the further prosecution of a certain suit instituted in the district court of Dallas county, Forty-fourth judicial district of Texas, cause No. 45730a, styled B. C. Couchman et al. v. City of Dallas et al., on the docket of said court. The original petition in said cause No. 45730a was filed in the court below on the 2d day of January, 1923, on which date the temporary writ of injunction prayed for in said petition was granted. Defendants in said cause duly answered, and filed motion to dissolve said temporary writ of injunction, and, on hearing of said motion, the trial court entered an order overruling same and continuing in effect said temporary writ. From the order thus entered, defendants in said cause No. 45730a duly prosecuted their appeal to this court. On the 10th day of February, 1923, judgment was rendered by this court reversing said judgment and dissolving the writ of injunction. See City of Dallas v. Couchman (Tex. Civ. App.) 249 S. W. 234. After man-

date had been duly returned to the court below, plaintiffs in said cause No. 45730a filed their first amended original petition in said cause, seeking the issuance of another temporary writ of injunction, which was issued under an order made by the judge of said court granting same on the 31st day of May, 1923. Thereafter, on the 24th day of September, 1923, on proper motion, an order was entered by the court below refusing to dissolve this temporary writ of injunction.

[1] The defendants in said cause No. 45730a duly prosecuted an appeal to this court from the order of the court below refusing to dissolve the second temporary writ of injunction, the record being filed in this court on the 13th day of October, 1923, styled Texas Interurban Railway Co. et al. v. B. C. Couchman et al. (No. 9189) 255 S. W. 814, on the docket of this court. The prosecution of said appeal to this court by the filing of transcript therein, clothed this court with plenary, exclusive jurisdiction of said cause, and terminated the jurisdiction of the trial court to such an extent that no further order could, from the date of the perfection of such appeal by the filing of transcript, be made and entered by the trial court in said cause; and certainly not after the adjournment of the term of court at which said order was entered. Blum v. Wettermark, 58 Tex. 125; Garza v. Baker, 58 Tex. 483; Testard v. Brooks (Tex. Civ. App.) 70 S. W. 240. Therefore, in so far as granting the writ as sought by relators herein is concerned, same has become a moot question, as the granting of the writ would be futile, in that it could not operate to accomplish the relief sought by relators—the court against whom the writ is sought being without jurisdiction to enter any further order on account of the proceedings, the basis of the application for the writ.

[2] Under the law the jurisdiction of the court below terminated on the appeal being perfected from said order of date September 24, 1923, by the filing of the appeal bond in the court below and transcript in this court. However, active jurisdiction of this court did not attach on account of said appeal until the transcript of the record was duly filed with the clerk of this court, and, from the filing of said record, this court takes judicial knowledge of all the proceedings incident to and connected with the prosecution of said suit.

In the condition of the record, it would be improper for us to pass on the merits of the application for the writ, and, without reference thereto, the prayer for the writ will be denied without prejudice to the rights of the parties to the litigation.

Writ refused.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes