Mandamus by Alexander Boynton against Clinton G. Brown, Mayor, and Jack W. Neal and others, Aldermen of the City of San Antonio, to compel them to order an election, with application by Boynton for an injunction from this court to restrain the District Judge from taking further action in regard to an injunction which he had previously denied, and which had been appealed to this court. Application denied.

See, also, 163 S. W. 599; 164 S. W. 893.

E. P. Lipscomb, of San Antonio, for appellant. Geo. R. Gillette and R. J. McMillan, both of San Antonio, for appellees.

FLY, C. J. This is an application for an injunction from this court to restrain the district judge from taking further action in cause 5256, pending in this court (164 S. W. 897), which is an appeal from the order of the trial judge refusing a writ of injunction restraining appellees from proceeding with an election on February 24th.

[1] It is the well-established rule that, when appeals are perfected during a term of the trial court, the latter court can during its term make orders in the case, and alter, revise, or revoke the judgment from which the appeal was taken. Blum v. Wettermark, 58 Tex. 125; Churchill v. Martin, 65 Tex. 367; Blackburn v. Knight, 81 Tex. 331, 16 S. W. 1075. In the case of Churchill v. Martin it was said that after the approval of an appeal bond "the district court still has, during the term, jurisdiction to modify or to set aside the judgment appealed from, but not to enforce such judgment."

[2] In all the cases cited, as well as the case of Ellis v. Harrison, 24 Tex. Civ. App. 13, 56 S. W. 592, 57 S. W. 984, relied on by appellees, the appeals were from judgments finally disposing of the subject-matter of the suits, and no case has been cited, or found by this court, that holds that, when an appeal is taken from an interlocutory order on an application for a temporary writ of injunction, the trial judge can change his order, and the fact that the writ may be granted or refused in term time or vacation indicates that it was not the intention of the Legislature that the trial court should exercise any jurisdiction whatever over such order after an appeal has been perfected. The very fact that, if the order is made in vacation, no action could be had by the trial court after the appeal was perfected, would indicate that no such action could ever be had. To permit such practice would create grave complications and perhaps, at times, defeat the object in view in permitting appeals from such interlocutory orders immediately after their rendition. It has been intimated that no action should be had by the appellate court during the term of the lower court at which it was tried, and, if that be true, and appeals from orders on applications for temporary injunctions must be held until the end of the term, in most instances the efficacy of the appeals would be destroyed.

We do not deem it necessary to issue an order to the district judge to restrain him from any further action in regard to his order refusing the temporary injunction, which is final so far as he is concerned, or requiring him to set aside any order heretofore made by him after the appeal was perfected, because this court is confident that he will at once proceed as is indicated herein. While we have sustained the order of the district judge in refusing the injunction, which was his final action, we have deemed it proper to express the views of this court for the future government of trial courts. This court will, under all circumstances, protect its jurisdiction from interference by any trial court, but it is not, as before stated, deemed necessary to grant an injunction to protect its jurisdiction in this instance.

---

**BOYNTON v. BROWN, Mayor, et al. †**

(Court of Civil Appeals of Texas. San Antonio. Feb. 18, 1914.)

Appeal from District Court, Bexar County. Action by Alexander Boynton against Clinton G. Brown, Mayor, and others. From an adverse order, plaintiff appeals. Affirmed.

See, also, 163 S. W. 599; 164 S. W. 893, 897.

E. P. Lipscomb, of San Antonio, for appellant. Geo. R. Gillette and R. J. McMillan, both of San Antonio, for appellees.

FLY, C. J. This is an appeal from an interlocutory order of the district court refusing an injunction to restrain the mayor and city council from holding an election to vote on amendments to the charter of the city of San Antonio, on February 24, 1914. The writ of injunction is sought in aid of mandamus proceedings to compel the appellees herein to call an election to vote on the question of having a commission prepare a city charter. It must stand

or fall with those proceedings, and, this court having this day affirmed the judgment of the district court in refusing the mandamus for the reasons therein given, the judgment in this case is affirmed.