## LAMBERT v. CITY OF PORT ARTHUR.
### (No. 1930.)

Court of Civil Appeals of Texas. Beaumont.
Nov. 8, 1929.

Rehearing Denied Nov. 20, 1929.

V. J. Wistner and E. B. Lamson, both of Port Arthur, for appellant.

R. A. Shivers, of Port Arthur, for appellee.

WALKER J. Article 696a, Penal Code of Texas (Complete Tex. St. 1928), provides that no municipal corporation shall maintain any dumping ground or dump any trash, refuse, débris, or dead animals, or permit the same to remain within or nearer than 300 yards of any public highway of the state of Texas. It is further provided that an injunction suit may be brought by any private individual affected or to be affected thereby to prevent any such threatened or probable violation of the law. On and prior to the 22d day of August, 1929, the city of Port Arthur was violating the provisions of this law, and on that date, upon appellant's petition showing such violation and its effect upon him and his property, Judge George C. O'Brien, judge of the Fifty-Eighth district court of Jefferson county, in chambers, issued a writ of injunction against the city of Port Arthur restraining it from further violation of this law. On the 4th day of September, 1929, the defendant answered appellant's petition and admitted that it was depositing its garbage upon its property which was situated within the pro-

hibited distance to its public streets, but denied that such deposit constituted a dumping within the provisions of the statute, denied that the garbage being deposited by it was in violation of the statute, and further denied that appellant was being injured by its acts in depositing the garbage, and pleaded further a necessity for its acts. On these allegations, appellee moved that the injunction be dissolved. This motion was heard on the 21st day of September, and, upon a full development of the testimony, an order was entered suspending the operation of the injunction until the 1st day of January. Against this order, appellant has duly perfected his appeal to this court.

We will first consider the issues raised by appellee. Under its pleadings and testimony, it was depositing its garbage at the time appellant filed his petition, upon certain property owned by it, within its corporate limits, known as the abattoir property, for the purpose of improving it as a public park. In the years past, a large amount of dirt had been hauled away from this property, and, before it could be used for park purposes, this plot of ground had to be refilled. To haul in new dirt would be very expensive. Appellee was digging trenches across this property. As one trench was dug, it was filled with garbage; then another trench was dug by its side and the dirt deposited over the first trench, covering the garbage and raising the general level of the ground. This process was being continued with the purpose of digging trenches over all the property and filling them with garbage, thereby raising the general level. Generally the garbage was covered within 24 hours, but not always. The depositing of the garbage and its rotting or remaining in the open trenches caused very offensive odors to those living in that immediate neighborhood, and propagated flies in immense numbers to such an extent that they were very offensive and troublesome to those living near the property. The garbage was partly "dry," consisting of old scrap iron, tin cans, and other trash of similar nature, and also in part "wet," being garbage gathered day by day from the streets. Appellant owned property immediately adjacent to the abattoir property. Beyond question the abattoir property was within the prohibited distance.

On these facts appellee contends: (a) That it was not dumping its garbage as that word is used in article 696a. This contention is overruled. Webster's New International Dictionary defines dump "to drop down, to deposit something in a heap or unshaped mass as from a cart or basket," and again "to unload, as from a cart by tilting it." Under these definitions thus given, clearly appellee was dumping its garbage in violation of the statute. (b) That the garbage deposited was not in violation of the statute. This contention is overruled. The statute prohibits the dumping of "trash, refuse, débris," etc. All of the garbage being deposited by appellee came within the meaning of these words. But there was proof that a part of the garbage deposited by appellee was "wet" and, rotting produced a stench and a breeding place for flies. That the garbage deposited was in violation of the statute we think appears from the court's judgment suspending the operation of the injunction, where it was ordered "that the defendant, the City of Port Arthur, take reasonable steps to place lime or some other disinfectant on the garbage placed in the ditches or excavations to avoid, as far as possible, any disagreeable odor or scent." (c) That appellant had no interest in the litigation such as would authorize him to prosecute this suit. This contention is overruled. This article specially provides that an injunction suit may be prosecuted "by any private individual affected or to be affected by any such threatened or probable violation." The evidence showed beyond controversy that appellant owned property adjacent to the abattoir property and that the stench from the rotting garbage made it very undesirable residence property. (d) That a necessity existed for filling in this property with the garbage. This contention is also overruled. No "necessity" was shown by the evidence. It was a convenient method of filling in the abattoir property and less expensive than by hauling dirt from some other section of the city, but there was no showing that it could not be reasonably filled in some other way.

The order suspending the operation of the injunction was erroneous. Appellant made a clear case of violation of the Penal Code by his petition and by his evidence, and showed that he was an interested party entitled to prosecute this suit. Upon that showing the judge correctly granted the temporary injunction restraining appellee from depositing its garbage upon the abattoir property. As appellant was legally entitled to this injunction, an order suspending its operation until the 1st of January was erroneous. Therefore, in so far as the order appealed from attempted to suspend the operation of the temporary injunction from the 21st of September until the 1st of January, it is reversed, and judgment here rendered reinstating the temporary order as originally made by Judge O'Brien.

Reversed and rendered.