**SMITH et al. v. ROGERS.**

No. 8087; Motion No. 7707.

Court of Civil Appeals of Texas. Austin.

Jan. 19, 1934.

McCLENDON, Chief Justice.

Appeal from an interlocutory order granting a temporary injunction.

Appellants filed a motion to dismiss the appeal, which was granted without notice to appellee, upon the theory that appellants had control over their appeal, since there was no cross-appeal nor cross-assignment of error.

Appellee now moves to reinstate the appeal.

In appellants' motion it was stated "that since the filing of this cause in the Court of Civil Appeals, the trial court has set aside his judgment granting the temporary injunction." The motion to reinstate the appeal is predicated upon the proposition that the second order of the trial court was void since that court lost all jurisdiction in the matter upon perfection of the appeal. This proposition is correct. Duncan v. Boyd (Tex. Civ. App.) 288 S. W. 281, expressly approved in Alpha Petroleum Co. v. Terrell (Tex. Sup.) 59 S.W.(2d) 372; Boynton v. Brown (Tex. Civ. App.) 164 S. W. 897.

However, we did not treat appellants' motion as in any way conditioned upon the validity of the trial court's second order dissolving the temporary injunction, but merely as an exercise of the right of appellants to dismiss the appeal, thus leaving the or-

ders of the trial court to stand or fall upon their merits, unaffected by any order of this court. The motion did not in express terms assert that this court had lost jurisdiction by virtue of the questions involved in the appeal becoming moot; nor was there any request or prayer in the motion calling for a finding or adjudication by this court upon that point. We were simply asked to dismiss the appeal; and the order of dismissal has neither in terms nor in effect done other than to dismiss the appeal, without any qualification and without any adjudication as to the validity of the trial court's second order.

The effect of the order of dismissal, therefore, is to leave the order appealed from in full force and effect, as though no appeal had been taken.