**BRIGHT et al. v. CITY OF CORPUS CHRISTI et al.**

**No. 11323.**

Court of Civil Appeals of Texas. San Antonio.

June 9, 1943.

C. B. Neel, James B. Hubbard, and Pichinson & Alsup, all of Corpus Christi, for appellants.

Owen D. Cox, and Tarlton & Koch, all of Corpus Christi, for appellees.

PER CURIAM.

This suit was instituted by A. G. Bright and one hundred other citizens of the City of Corpus Christi against the City of Corpus Christi and the Texas Gulf Construction Company seeking to enjoin the construction of a garbage disposal plant on a site of ground adjoining and in close proximity to the residences and properties of plaintiffs. The trial began to a jury but at the close of plaintiffs' case the court instructed a verdict in favor of defendants and entered judgment accordingly.

A. G. Bright and the other plaintiffs below have prosecuted this appeal.

Appellants first contend that the instructed verdict was improper because the operation of the garbage disposal plant would necessarily involve the dumping of garbage within 300 yards of a public highway, an act prohibited by Article 696a of Vernon's Ann. Penal Code of this State. It is undisputed that the site selected for the plant is within 300 yards of South Port Avenue, a public highway, and when the trucks bring the garbage to the plant it will be dumped into a vat to be built for that purpose. That the garbage will then be picked up by a grab basket and elevated to the third floor where it will be cast into the incinerator and destroyed by fire.

It was not the intention of the Legislature in enacting Art. 696a of the Penal Code to prohibit the dumping of garbage at a disposal plant. If such a meaning as this should be given to that article it would in all probability stop the operation of every garbage disposal plant in the State, because, no doubt, they are all located within 300 yards of a public highway. If the

article be construed as prohibiting a truck from dumping garbage at a disposal plant for destruction, why not construe the article as also prohibiting a housewife from going to the back door of her home and dumping garbage into a garbage can?

Appellants rely upon the case of Lambert v. City of Port Arthur, Tex.Civ.App., 22 S.W.2d 320, but there the City was dumping its garbage in trenches dug on a piece of land and no effort made to destroy it, but with the intention that it should stay there and decay. In other words, the City had established a dumping ground for its garbage. This was clearly a violation of Article 696a, supra. The facts in the case at bar are very different.

■ A statute should be given a fair, rational, reasonable and sensible construction considering its language and subject matter and with a view to accomplishing the legislative intent and purpose. 39 Tex.Jur. p. 172, § 91.

■ When the entire Act, including the caption, the body of the Act, and the emergency clause, is considered, it is clear that the intention of the Legislature in enacting Art. 696a, supra, was to prevent the dumping or placing of trash, refuse, debris, garbage and carcasses of dead animals near public roads and highways with no provision for its destruction; but, rather, with the intention and purpose that it should remain there and decay, thus producing a nuisance and a condition against public welfare and health. The Legislature never intended to prevent the dumping of garbage into a vat at an incinerator for immediate destruction. The phrase in the Act which reads, "or permit the same to remain", might well be interpreted to mean "and permit the same to remain." The word "or" may very properly be construed to mean "and." Ross v. Terrell, 99 Tex. 502, 90 S.W. 1093.

■ Appellants next contend that the evidence raised the issue that the City Council acted in an arbitrary and capricious manner in selecting the site in question for a garbage disposal plant. We overrule this contention. The selection of a site for a garbage disposal plant was a matter addressed to the sound discretion of the City Council and their action in such matters cannot be disturbed unless it is shown that they have abused their discretion and acted arbitrarily and capriciously. The evidence shows that the Mayor and Council employed H. E. Burns, as consulting engineer, to advise them in the selection of the site. Mr. Burns was shown to be well qualified and experienced in such matters. The burden was upon appellants to show that there was no reasonable basis for the selection of the site made by the city. This they failed to do. The evidence shows that the site selected has the following advantages, to-wit:

"1. It is located within the area designated as 'the center of haul' for garbage trucks, taking into account the continued operation of the old incinerator and the anticipated growth of the city.

"2. It is located at a point of great accessibility by virtue of being near the point of confluence of several main arteries of travel.

"3. It is located upon one of the largest tracts of vacant property in the vicinity.

"4. By virtue of being located in an area which has not heretofore been served by sewer facilities, it will improve the sanitary conditions of the neighborhood in that sewerage connections will be available to the inhabitants in the neighborhood.

"5. Being located close to Port Avenue, it is in a neighborhood which will inevitably become commercial or manufacturing in the normal course of the City's development.

"6. The testimony of both engineers is to the effect that the incinerator plant, if properly operated, will not materially affect the health, comfort, or convenience of the residents in that area."

Under such circumstances this Court will not attempt to interfere with a matter primarily within the sound discretion of the governing body of the City. King v. Guerra, Tex.Civ.App., 1 S.W.2d 373; Lamm v. Chambers, Tex.Civ.App., 18 S.W.2d 212; Board of Road Com'rs Hunt County v. Johnson, Tex.Civ.App., 231 S.W. 859; Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4; Grayson County v. Harrell, Tex.Civ.App., 202 S.W. 160.

In view of what has already been said, appellants' other points become immaterial.

Accordingly, the judgment of the trial court will be affirmed.