HYATT et al. v. MERCURY LIFE & HEALTH CO. et al.

No. 15540.

Court of Civil Appeals of Texas. San Antonio.

April 16, 1947.

W. J. Rogers, of San Antonio, for petitioners.

Green & Rosson, of San Antonio, for respondents.

PER CURIAM.

This is an original application for a writ of prohibition against the Hon. C. K. Quin, Judge of the 57th District Court of Bexar County, Texas, prohibiting him from hearing and determining a certain application for temporary injunction filed by defendants on April 3, 1947, in a certain cause on the docket of that court, being No. F—33,-576, styled Leonard Hyatt et al. v. Mercury Life & Health Company et al.

When the petition was presented to the trial judge he made and entered the following fiat, to-wit:

"The foregoing petition being presented to me this 3rd day of April, 1947, the Clerk is ordered to issue a temporary restraining order and directed against Leonard Hyatt, H. C. Plumly, Mrs. Marie Prozanski, T. H. W. Vordenbaum and C. B. Fulton, and such agents and employees of Mercury Company appointed by them, enjoining and restraining them from in any manner expending any funds of Mercury Life & Health Company except in the due and ordinary course of the business of said company and the payment of debts and claims in the usual and customary and ordinary operating expenses, and that they shall not pay or permit payment of any claimed back-pay to Leonard Hyatt for claimed services, or otherwise rendered prior to April 3, 1947, from any funds or assets of Mercury Company until a hearing on the temporary injunction, which hearing is hereby set for 9:30 o'clock, April 8th, 1947, and the Clerk shall issue notice to said Hyatt, et al., herein named to be and appear before this court at said last named time to show cause, if any they have, why temporary injunction should not issue as prayed for. That the temporary restraining order is issued without notice because irreparable damage would result to Mercury Life and Health Company by the withdrawal of funds, contrary to the order here entered, until the hearing on temporary injunction; that likewise that the clerk issue notice to said parties to be and appear before this court on April 8th at 9:30 o'clock A.M. to show cause, if any they have, why a temporary injunction should not issue as prayed enjoining and restraining said Leonard Hyatt, H. C. Plumly, Mrs. Marie Prozanski, T. H. W. Vordenbaum and C. B. Fulton from being and remaining in possession of the offices of Mercury Life and Health Company in the Majestic Building in San Antonio, Texas, and from interfering with the holdover Hughes' directors from performing their duties or assuming and remaining in possession of said premises, until, upon proper application to this court, an order has been entered permitting said Leonard Hyatt and others to be and remain in possession in said offices without interference from defendants.

"That defendants shall give bond in the manner and form provided by law in the sum of $500.00 for temporary restraining order herein granted."

On April 8, 1947, respondents in the above petition appeared and filed a motion to dismiss or abate such petition, alleging a want of jurisdiction. This motion was overruled; hence this petition for a writ of prohibition.

The alleged want of jurisdiction in the trial court to hear and determine the petition filed on April 3, 1947, was based upon the following facts, to-wit: On January 23, 1947, a temporary injunction was issued out of the 57th District Court of Bexar County, among other things, enjoining Leonard Hyatt, H. C. Plumly, Mrs. Marie Prozanski, H. W. Vordenbaum and C. B. Fulton and each of them from claiming or asserting "that they are the duly elected directors or officers of Mercury Life and Health Company, and from attempting to take possession of said offices or business and management of said company." An appeal was taken from that order to this Court, and on April 2, 1947, the order was reversed and the injunction dissolved. Tex. Civ.App., 202 S.W.2d 320. The matter is still pending in this Court upon a second motion for a rehearing.

It is contended by petitioners that when an appeal was perfected from the trial court to this Court that all jurisdiction of the trial court, insofar as temporary injunctions are concerned, ceased and such jurisdiction was transferred to this Court. We sustain this contention.

In Ex parte Travis et al., 123 Tex. 480, 73 S.W.2d 487, 489, Justice Greenwood, speaking for the Supreme Court, said:

"It thus appears that the district court undertook to have a trial to determine the *validity* of its injunction, on motion for contempt, *after* the jurisdiction of the Court of Civil Appeals had fully attached for the determination of that precise question.

"The general rule applies here, which is stated in 3 Texas Jurisprudence, at page 369, in section 262, in the following words: 'As a general rule the perfection of an appeal or writ of error terminates the authority of the lower court pending the appeal, *in respect of all matters which trench upon the appellate functions,* so that the lower court may not thereafter proceed in the cause, *at least as to the subject matter of the appeal or writ.'* (Italics ours.) If this were not true, a Court of Civil Appeals would be powerless to enforce its own jurisdiction. Yet a valid statute expressly declares, referring to Courts of Civil Appeals, that: 'Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts.' Article 1823, Vernon's Ann.Tex.Civ.St.

"There must be an end to orderly administration of justice if at the same time two separate courts entertaining different views could exercise the power to adjudicate the same question. The Texarkana Court of Civil Appeals correctly announced more than a quarter of a century ago that: 'After the appeal is thus perfected (i.e. by notice and cost bond), then the trial court loses its power *in respect to those things which might trench on the appellate functions, and the jurisdiction of the Court of Civil Appeals attaches.'* (Italics ours.) Gordon v. Rhodes & Daniels, Tex.Civ.App., 104 S.W. 786, 787."

In Love, County Judge, et al. v. Worsham et al., Tex.Civ.App., 101 S.W.2d 598, 600, it is stated:

"The alleged supplemental injunction was utterly void for the reasons, among others, first, because it was granted without bond, and, second, it was granted after the defendants had filed appeal bond appealing the case to this court, and the trial court was therefore without any jurisdiction to enter it.

"It follows that the temporary injunction granted in this cause should be dissolved, and it is so ordered."

See also, International, etc., v. Federated Ass'n, etc., 133 Tex. 624, 130 S.W.2d 282; Saladiner v. Polanco, Tex.Civ.App., 160 S.W.2d 537; Smith v. Rogers, Tex.Civ. App., 67 S.W.2d 1059; Whaley Farm Corp. v. Bieloh, Tex.Civ.App., 9 S.W.2d 273; Staples v. State ex rel. King, Tex. Civ.App., 244 S.W. 1064; Id., 112 Tex. 61, 245 S.W. 639.

Relators contend that the situation has changed since the original injunction was issued, in that Leonard Hyatt and the other petitioners are now in office and in full charge of the business of the Insurance Company, and that they do not now intend to ask for an injunction other than to restrain petitioners from expending any funds of Mercury Life and Health Company except in the due and ordinary course of the business of said company and the payment of debts and claims in the usual and customary manner, and of ordinary operating expenses, and from paying any funds of said company to said Leonard Hyatt as claimed back salary or for alleged services performed by Hyatt prior to April 4, 1947. However, if the trial court should hear this petition to this limited extent, it would be passing upon a part of the matter now pending in this Court.

As we feel certain that the Hon. C. K. Quin will not attempt to hear this petition, but will be governed by what we have here held, it will not be necessary to issue a writ of prohibition, but if he should attempt to further hear this application for a temporary injunction, the Writ of Prohibition will issue as prayed for by petitioners.

328

■ Respondents have filed here an application for a temporary injunction against petitioners, seeking to restrain them from expending any funds of Mercury Life and Health Company, except in the due and ordinary course of the business of said company and the payment of debts and claims in the usual and customary manner, and of ordinary operating expenses, and from paying any funds of the company to Leonard Hyatt as claimed back salary, or for any alleged service performed by Hyatt prior to April 4, 1947. We are of the opinion that such a temporary injunction should be granted until such time as the Supreme Court may have finally passed upon the appeal now pending in this Court, either by a final denial of an application for a writ of error or by a final decision of the cause in the event an application for a writ of error is granted, and it is hereby ordered that such a temporary injunction be issued upon respondents' giving a bond in the sum of $1000, with good and sufficient sureties, and conditioned as is required by law.