Leo GARTNER, Appellant,

v.

BOARD OF ADJUSTMENT OF CITY OF SAN ANTONIO, Texas, Appellee.

No. 13457.

Court of Civil Appeals of Texas.

San Antonio.

May 6, 1957.

Rehearing Denied June 3, 1959.

Maverick & Tynan, Arthur M. Gochman, San Antonio, for appellant.

Carlos C. Cadena, Fred M. Sullivan, J. Sam Levey, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit involves the validity of an order of the Zoning Board of Adjustment of the City of San Antonio. On July 22, 1958, Jack Znilek applied to the City of San Antonio for a permit to build a commercial building to be used as a butcher shop, with the incidental use of killing approximately fifty to seventy-five chickens per week, on Lot 12, Block 18, New City Block 1747, bearing the post office address of 1716 North Main Avenue. The City Engineer denied the permit on the ground that such property was zoned as "H" Local Retail District, in which the killing, storing and dressing of chickens was not allowed. An appeal was taken to the Zoning Board of Adjustment, which Board after a hearing granted a permit "for the

killing and dressing of chickens not to exceed 125 chickens a week." An appeal was taken by Leo Gartner and others from this order to the 37th District Court of Bexar County. The District Court affirmed the decision of the Zoning Board of Adjustment of City of San Antonio, and from that judgment Leo Gartner has prosecuted this appeal.

Appellant presents the contention that the act of the Board of Adjustment in granting the permit "for the killing and dressing of chickens not to exceed 125 chickens a week" in an "H" Local Retail Zone was illegal.

Jack Znilek desired to run a kosher butcher shop or meat market at 1716 North Main Ave., and in that connection he desired to kill and dress on the premises not to exceed from fifty to seventy-five chickens per week. He wanted to kill these chickens under strict compliance with the Jewish dietary law so that he could sell them as kosher meat. This would require that the chickens be killed by a "shochet" under the supervision of a Jewish Rabbi, and then taken care in the manner provided by the Jewish dietary laws. Unless these laws are strictly complied with he cannot sell such chickens as kosher meat. People of the Jewish faith are required by their religion to eat only kosher meat. It is readily understood why it would be a great convenience and very desirable to have the chickens killed upon the premises where they are sold. Some customers want to see them killed so that they may know for themselves that the Jewish law has been complied with.

The zoning ordinance of the City of San Antonio prohibits the use of buildings in an "H" zone for all purposes not expressly provided in the ordinance, which reads in part as follows:

"Sec. 64-34. F, G and H local retail districts.

"In the F, G and H local retail districts, no building or premises shall be used, and no building shall be erected or structurally altered which is arranged or designed to be used for other than one or more of the following uses:

*   *   *   *   *   *

"(8) Retail store, * * *.

" * * * (10) Any use not included in any other class, provided such use is not noxious or offensive by reason of the emission of odor, dust, smoke, gas, fumes, noise or vibration, provided further, that no kind of manufacture or treatment shall be permitted in the F, G and H local retail districts, other than the manufacture or treatment of products clearly incidental to the conduct of a retail business conducted on the premises."

Under the provisions of Sec. 64–35(9.1), "Poultry killing and dressing, and storage of live poultry, where completely enclosed within a building," is permitted in an "I" business district, and in "J" and "K" commercial districts, and also in "L" first manufacturing district, under the provisions of Sec. 64–36(33).

Art. 1011g, Vernon's Ann.Civ. Stats., grants to the Board of Adjustment of a Home Rule City its powers. Such Boards can grant "special exceptions" and "variances," but here the Board did neither, it simply permitted the carrying on of a business in an "H" local retail district that could only be permitted in an "I", "J" "K" or "L" district. Sec. 64–34(10) authorizes the Board to permit a retail store to carry on the manufacture or treatment of products clearly incidental to the conduct of a retail business, provided such use is not included in any other class. The killing and dressing and storage of live poultry is included in other classes, under the provisions of Section 64–35(9.1) and 64–36(33). The action of the Board in permitting the killing of chickens in an "H" district, which is not permitted in such district but required to be conducted

in other districts of lower classes, was clearly illegal and not authorized either by the provisions of Art. 1011g, supra, or the zoning ordinance of the City of San Antonio. Board of Adjustment v. Levinson, Tex.Civ.App., 244 S.W.2d 281; Board of Adjustment v. Stovall, Tex.Civ.App., 218 S.W.2d 286; Harrington v. Board of Adjustment, Tex.Civ.App., 124 S.W.2d 401.

In Fass v. City of Highland Park, 321 Mich. 156, 32 N.W.2d 375, 377, the Court said:

"There can be little doubt that the killing, dressing and sale of live poultry is a subject upon which a legislative body has authority to legislate. It is not unreasonable or arbitrary to confine this activity to a certain zone within the corporate limits of a city. Such an ordinance has a distinct relation to public health and in our opinion is valid and enforceable.

"Plaintiffs also urge that the killing and defeathering of poultry is an integral part of the operation of a small retail live poultry market and, therefore, a permitted use in a B–2 district.

"It should be noted that the killing, defeathering and dressing of poultry is permitted in a 'C' or commercial district. It clearly appears that it was the purpose and intent of the framers of the ordinance to confine such activity to a district other than where plaintiffs' poultry market is now located. It appears that between May 1, 1946, and May 1, 1947, there were 104 places in the city of Highland Park licensed to sell meat all of which sold meat and dressed poultry that was killed in another place. Under the record in this case it cannot be said the killing of poultry and sale of same in the same shop or market is the usual method of conducting a poultry market. To allow such a practice would run contrary to the intent and purpose of the ordinance. In our opinion the ordinance was designed to prevent such a practice. We, therefore, hold the ordinance constitutional. We also hold that the killing and defeathering is not an incidental and integral part of the operation of a poultry market, especially where the ordinance provides that this activity should be confined to another zone."

■ Appellees contend that to prohibit the killing of chickens on the premises of a kosher butcher shop will work a hardship not only upon the operator of such a butcher shop but also upon persons of the Jewish faith, who are required to eat only kosher meats. This is a matter that might be presented to the proper legislative body of the City, but not to the Board of Adjustment, which can only carry out the provisions of the City Zoning ordinance and exercise such powers as are given to it by Art. 1011g, supra.

■ Appellee Jack Znilek contends that there are places in Zone "H" where chickens are being killed and dressed. These are either non-conforming businesses which were operating before the zoning ordinance was enacted, or they are being carried on in defiance of such ordinace, but these facts do not repeal the city zoning ordinance. Hill v. Board of Adjustment of City of Castle Hills, Tex.Civ.App., 301 S. W.2d 490, error refused.

The judgment of the trial court is reversed and the order of the Board of Adjustment of the City of San Antonio here involved is set aside and declared void as being illegal.