**CITY OF CORPUS CHRISTI, Appellant,**

v.

**LONE STAR FISH AND OYSTER COM-PANY et al., Appellees.**

No. 13656.

Court of Civil Appeals of Texas.

San Antonio.

April 27, 1960.

Rehearing Denied May 25, 1960.

I. M. Singer, City Atty., W. D. Pilcher, Asst. City Atty., Corpus Christi, for appellant.

William H. Bloch, Milton W. Walton, Corpus Christi, for appellees.

MURRAY, Chief Justice.

■ Appellees have filed a motion for leave to file a supplemental transcript containing, among other things, "Findings of Fact and Conclusions of Law," and an "Amended Order Granting a Temporary Injunction." The motion will be granted. We will not consider but will strike the "Amended Order Granting a Temporary Injunction," because it was made and entered after the City had perfected its appeal from the original order granting a temporary injunction.

■ When the appeal was perfected by the City, the trial court lost jurisdiction of the cause and such jurisdiction passed to the appellate court. Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148; Ex parte Travis, 123 Tex. 480, 73 S.W.2d 487; Hyatt v. Mercury Life & Health Co., Tex.Civ.App.,

202 S.W.2d 325; Boynton v. Brown, Tex. Civ.App., 164 S.W. 897; Love v. Worsham, Tex.Civ.App., 101 S.W.2d 598; Duncan v. Boyd, Tex.Civ.App., 288 S.W. 281; Art. 4662, Vernon's Ann.Civ.Stats.

■ This Court will consider the findings of fact and conclusions of law filed after the perfecting of an appeal by City of Corpus Christi, because the City requested such findings and conclusions, and perfected its appeal before they were made. Appellees' motion to file supplemental transcript is granted as of March 30, 1960, the date it was tendered to the Clerk of this Court, and the Clerk will file the supplemental transcript as of that date.

This suit was instituted by City of Corpus Christi against Lone Star Fish & Oyster Company, a partnership composed of D. E. Wicker, Sr., and D. E. Wicker, Jr., and Dwight E. Walters, seeking a temporary restraining order, after hearing, a temporary injunction, and on final hearing a permanent injunction prohibiting the defendants from operating an oyster shucking plant at 5001 Timon Boulevard in the City of Corpus Christi, Texas. At a hearing, the District Court of Nueces County issued the temporary injunction as prayed for, but suspended its effectiveness until May 1, 1960, on which date the oyster shucking season would end for a time. The City has prosecuted this appeal.

The order granting the temporary injunction was signed on March 22, 1960, and on the same day the City gave notice of appeal, and as the City was not required to file an appeal bond, the appeal was thus perfected. The City requested findings of fact and conclusions of law, but later withdrew its request. The City appealed only from that part of the order which suspended the effectiveness of the temporary injunction until May 1, 1960.

Two days later, on March 24, 1960, the trial court attempted to enter an amended order, but, as above stated, this order came too late as the trial court had lost jurisdic-

tion on March 22, 1960. On the same day the trial court filed its findings of fact and conclusions of law. These were timely made and filed and will be considered by this Court.

When all the findings of fact are considered, which were made in the original order granting the temporary injunction and in the court's formal findings of fact, they amount to findings that the City of Corpus Christi has passed ordinances which make it unlawful to operate a food processing plant in the zone in which the premises known as 5001 Timon Boulevard is located. This is a B-3 Zone, which would permit a wholesale and retail fish market to operate but not a food processing plant.

■ The Oyster Company secured a permit to operate a wholesale and retail fish market, but was refused a permit to operate a food processing plant. The principal business carried on by the Oyster Company at 5001 Timon Boulevard is the shucking of oysters. The trial court expressed some doubt as to whether the shucking of oysters was food processing. Its findings show that from seventy-five to one hundred barrels of oysters are brought into the plant daily and placed in wooden bins, and thus made available to the oyster shuckers, who extract the oysters, place them in one gallon or twelve ounce containers and cover them with ice. When there is a sufficient amount of these oysters, they are shipped to another business located at 909 N. Staples Street, Corpus Christi, Texas, and from that location the oysters are shipped out to the market. We conclude from these facts that the appellees were carrying on a food processing business at 5001 Timon Boulevard in violation of valid City ordinances, and that the trial court properly ordered the temporary writ of injunction issued.

■ This brings us to a consideration of whether the trial court could properly suspend the effective date of this temporary injunction until May 1, 1960, upon the theory of a balancing of equities, or upon a hardship basis. It appears that the oyster shucking was being operated in daily violation of City ordinances, and under such circumstances the rule with reference to balancing of equities or hardship does not apply. Texas Practice by Lowe and Archer, p. 324, § 315; General Telephone Co. of the Southwest v. City of Wellington, 156 Tex. 238, 294 S.W.2d 385; Rattikin Title Co. v. Grievance Committee, Tex.Civ. App., 272 S.W.2d 948; Gifford v. State, Tex.Civ.App., 229 S.W.2d 949; Red Lake Fishing & Hunting Club v. Burleson, Tex. Civ.App., 219 S.W.2d 115; Falls County v. Kluck, Tex.Civ.App., 199 S.W.2d 704; Alpha Petroleum Co. v. Railroad Commission, Tex.Civ.App., 59 S.W.2d 374; Lambert v. City of Port Arthur, Tex.Civ.App., 22 S.W.2d 320; Ford v. State, Tex.Civ. App., 209 S.W. 490.

The trial court found, in its findings Nos. 18, 19 and 20, as follows:

"18. That the Defendants applied for a special council permit to engage in the business of 'Food Processing', at the time a building permit was issued on September 11, 1959, at the suggestion of the Plaintiff's Chief Zoning Enforcement Officer and another person on the staff of such enforcement office being assured that there was no reason to not proceed with the construction of his building but that such permit would cure any question of whether or not the shucking of oysters was food processing, and that Defendants were assured by said Zoning Enforcement Officer that there should be no difficulty in obtaining such a permit because the Mayor desired commercial development in the City of Corpus Christi and that such Council permit was primarily for clarification since oyster shucking was completely unclassified in the Zoning Ordinance of the City of Corpus Christi, and that, but for such representations Defendants would not have constructed improvements on its 'B-3' zones premises.

"19. That, after public hearing, the Zoning and Planning Board of the City of Corpus Christi recommended to the City Council that the application be denied.

"20. After public hearing, the City Council of the City of Corpus Christi denied the application."

██ Such representations made to appellees by the City's Chief Zoning Enforcement Officer and another person on his staff, do not estop or otherwise prevent the City from insisting upon the enforcement of its zoning ordinances and do not raise a question of balancing equities or of hardship. It is improper to suspend the effectiveness of a temporary injunction on the ground of balancing equities, or under the hardship rule, where a business is being daily operated in violation of a city ordinance.

██ Appellees have filed a cross-appeal in which they contend that the temporary injunction as granted disturbs the status quo. We overrule this contention, as the status quo to be protected is the status that existed before appellees began to operate the oyster shucking plant in a B–3 Zone in violation of a valid City ordinance.

Cross-appellants also contend that the oyster shucking was only incidental to their wholesale and retail fish market operated at 5001 Timon Boulevard. We overrule this contention, as the facts found by the trial court justify the conclusion that the principal business carried on at 5001 Timon Boulevard was the oyster shucking business.

Cross-appellants' remaining cross-points are without merit and are overruled.

That part of the order of the trial court which prevents the temporary writ of injunction from becoming effective until May 1, 1960, is reversed, set aside and held for naught. Otherwise the order granting the temporary injunction is affirmed at cost of appellees.