**R. L. BARTLETT, Appellant,**

v.

**CITY OF CORPUS CHRISTI, Appellee.**

No. 5510.

Court of Civil Appeals of Texas.

El Paso.

May 16, 1962.

Rehearing Denied June 27, 1962.

Second Rehearing Denied July 18, 1962.

Elmer H. Theis, Corpus Christi, for appellant.

I. M. Singer, City Atty., W. D. Pilcher, Asst. City Atty., Corpus Christi, for appellee.

FRASER, Justice.

This is a zoning ordinance case, the facts being as follows: The premises of appellant are located in what is called the North Beach area of Corpus Christi, or otherwise known as Corpus Christi Beach. He has owned, occupied and used these premises as a fish market since 1951, during which time he has marketed and handled oysters as well as fish, shucking the oysters in the process. Appellant's premises are located in a zoning district which is limited to "light" industry or operation, and which permits the operation of a fish market but does not permit food processing, this latter type of industry being called a "heavy" industry and being otherwise zoned. Appellant continued his fish market operations until 1959, when he was served with a cease and desist order on the basis that oyster shucking is a violation of the appellee City's zoning ordinance. Appellant appealed to the Board of Adjustment, and his appeal thereto was successful. However, on March 17, 1960 the City filed its suit seeking permanent injunction, to which suit appellant filed his reply setting up the decision of the Board of Adjustment as his defense. On April 1, 1960 appellee filed its motion for summary judgment seeking to permanently enjoin appellant as set forth above, and on August 5, 1960 the trial court granted appellee's motion for summary judgment.

Appellant has presented some eleven points of error. The first five points are largely based on the position taken by appellant that the trial court was incorrect in overruling his motion for dismissal on the ground that in so doing the court found that the Board of Adjustment did not have

jurisdiction to hear appellant's appeal to said Board, thereby holding that any order of the Board therein was without jurisdiction and therefore void and subject to collateral attack.

■■ At the very outset we must say that we do not feel that this case has been properly or sufficiently developed. It was a summary judgment, a procedure which should be very carefully regulated, as in effect it denies a litigant his anticipated day in court on the ground that there is no disputed material fact. Therefore, where a summary judgment in effect enjoins him from one of his primary sources of making a living, such should be granted only on well developed and adequate proof.

■■ The City here takes the position —after describing the difference between a "use" and a "regulation" as being that a "use" is the purpose for which a premise is used, and a "regulation" deals with the subsidiary rules *concerning* said use of land or building—that the Board of Adjustment here, by granting the appeal of appellant did, in effect, create a new "use". Appellant contends that his appeal was granted largely under the Board's powers of granting special exceptions, rather than on a variance. For purposes of illustration it might be pointed out here that it has been settled that a "variance" may be granted where the application of the law or use may present a practical difficulty or unnecessary hardship, and the literal enforcement of the regulations may be disregarded; whereas a "special exception" must be specifically set forth and found in the regulations themselves and may not be altered. Moody v. City of University Park, 278 S.W.2d 912 (Tex.Civ.App., n. r. e.) (and cases cited therein). On the basis of the above, it can readily be seen that this lawsuit depends on whether or not the oyster shucking done by appellant was a part of a normal activity and operation of a fish market, or was in effect, as claimed by the City, a separate and unauthorized use which could only be exercised in the heavy industry zone. In support of its motion for summary judgment the City submitted an affidavit by one Clarkson, which describes in some abbreviated detail the operation as Clark found it at appellant's place of business; then there is some testimony by appellant himself, very brief and scanty, as to his operation and the type of permit he had from the City of Corpus Christi and the State of Texas. We think the evidence presented to the court by the City in support of its motion for summary judgment did not and does not sufficiently describe plaintiff's oyster shucking operations so as to enable and entitle the trial court to grant the summary judgment that he rendered. In a somewhat similar case, to-wit, City of Corpus Christi v. Lone Star Fish and Oyster Company, Tex.Civ. App., 335 S.W.2d 621 (no writ history), it was developed that the operator there handled 75 or 100 barrels of oysters per day and prepared them for delivery or shipment to other points. We do not think the evidence here is sufficient to determine whether or not oyster shucking, as done by this appellant, was of such a nature and extent as to constitute "processing" of food, thereby putting it under the pains and penalties of the heavy industry zoning regulation. It is easily understandable that there would and could exist a great difference between the shucking or preparation of oysters for store customers as they come and go, and the shucking and processing— whatever that may be—of quantities of oysters not intended for casual sale at the fish market. We do not intend or mean to suggest any rule, as we feel here that the only proper and fair method, to both parties, is to determine this and other cases on their respective merits, and it is our opinion that this case cannot be so determined on the amount of information before us. We therefore believe that the best interests of justice would be served by further developing this case, so that the entire operation or picture of appellant's oyster shucking activities is properly before the trial court, and it can then be de-

termined whether what he is doing is a part of the proper operation of a fish market or is, as the trial court held and the City claimed, a completely different "use" than that authorized by the permit to operate a fish market.

The City stoutly contends that the action of the Board of Adjustment here usurps the legislative power of the City by attempting to give permission to or granting a new use, alleging, of course, that such is entirely without the jurisdiction of the said Board. We cannot pass on this point on the information now before us, other than to agree generally with the City's theory that the Board of Adjustment cannot grant new uses.

For this reason we believe this case should be remanded for retrial and further development as indicated.

■ Appellant also contends that the City had waived its right to enforce this particular zoning ordinance by permitting him to operate for eight years without protest. We do not believe there is any merit in this point, nor in appellant's other points relative to the City's alleged failure to prove that appellant's operation was a public nuisance. We do not pass on these points in this opinion other than to make the observation that we feel they are without merit. Hill v. Board of Adjustment of City of Castle Hills, 301 S.W.2d 490 (Tex.Civ.App., wr. ref.) ; Gartner v. Board of Adjustment of City of San Antonio, Tex.Civ.App., 324 S.W.2d 454 (n. r. e.). As to the points relative to the nuisance, we think this matter was long ago settled by the case of the Village of Euclid et al. v. Ambler Realty Company, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, which case has been universally followed.

While it may be substantially true that there does not exist a definite dispute as to a material fact in this case, still there must always be adequate evidence of probative force to justify any judgment. The decree here is a permanent injunction.

Therefore, without expressly granting any of the appellant's points of error, but because we feel the trial court did not have adequate information before it when it rendered the summary judgment here in question, we reverse and remand this case for further development in line with the opinion herein. The injunction heretofore granted by the trial court is accordingly vacated and held for naught.

## On Motion for Rehearing

Both parties to this controversy have filed motions for rehearing, charging that our holding that this case should be returned for further development was in error.

On the basis of the authorities cited and our previous reasoning, we are still of the opinion that this case should be returned to the trial court for further development and elicitation.

The appellant urges that the trial court had no jurisdiction because the matter had been disposed of within the framework of the City administration, and no appeal therefrom had been perfected. The City responds by admitting that it has made a collateral attack on the cease and desist order and the action thereon by the City authorities, and defends such attack on the ground that the action of the various City boards in effect created a completely new use, rather than a variance or regulation use already in effect. The City urges that the action of the Board of Adjustment usurped the legislative power of the City itself, and in effect created or granted a completely new use, rather than passing upon a regulation. The appellant, of course, continues to maintain that the District Court had no right to render summary judgment because it had no jurisdiction by virtue of the matter having become final because the City did not appeal from the ruling of its own Board.

So again, we say that this entire controversy and the arguments of both parties de-

pend entirely on the nature of the business that Bartlett, the appellant, was conducting. Only when this matter is sufficiently developed can the courts make an intelligent disposition or determination of the lawsuit, because the nature of his activity or business determines whether or not he comes under the zoning provision involved herein, and also is determinative of whether it is a matter that can be decided by a Board of Adjustment, or one—as the City urges—that is concerned with the creation or granting of a new use entirely.

For these reasons the motions of both parties for rehearing are accordingly overruled.