**CHARTON CORPORATION, d/b/a Valley Central College of Harlingen, Texas, et al., Appellants,**

v.

**Dr. M. L. BROCKETTE, Administrator of the Proprietary School Act of Texas, Appellee.**

No. 1009.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 26, 1976.

Rehearing Denied March 25, 1976.

Van Thompson, Jr., Austin, for appellants.

John L. Hill, Atty. Gen., Roland H. Allen, Mark L. Perlmutter, Asst. Attys. Gen., Austin, for appellee.

## OPINION

YOUNG, Justice.

This is the second of two appeals from interlocutory orders. The first appeal was from an ex parte order granting a temporary restraining order and appointing a receiver. And now this appeal is from an order entered after hearing and notice granting a temporary injunction and continuing the receivership after hearing. This Court granted a joint motion of the parties to consolidate these appeals for the purposes of briefing and submission only.

Doctor M. L. Brockette, Administrator of the Proprietary School Act of Texas, brought this suit by verified petition filed 3:00 P.M., April 29, 1975, in his official capacity by and through the Attorney General of Texas against Charton Corporation, d/b/a Valley Central College of Harlingen, Texas, and its president Charles E. Damron, seeking a temporary restraining order without notice and the appointment of a receiver without notice. The trial court entered, ex parte, an order on April 29 at 2:55 A.M. (probably 2:55 P.M.) appointing a temporary independent receiver over the assets of the corporation and a temporary restraining order. By the terms of the order it was to remain in effect until a hearing to be held on May 8, 1975.

The Administrator's Original Petition alleged that the defendant Damron is president, sole partner, sole officer, sole trustee and major shareholder of the defendant corporation, and personally used this corporation to perpetrate certain unlawful acts in violation of the Texas Proprietary School Act, Tex.Educ.Code Ann. § 32.01; that the defendant corporation is a proprietary school under the Act; that suit is brought pursuant to the authority granted the Administrator under § 32.62 of the Act; that the defendants failed and refused to make tuition refunds to students who terminated their studies prior to completing a course of instruction in violation of § 32.39 of the Act; that the defendants owe in excess of $132,000.00 in unpaid past due refunds; that the defendants operated a proprietary school without a certificate of approval in violation of §§ 32.31 and 32.61 of the Act; that the defendants represented to prospective students that they held such a certificate in violation of § 32.61(a)(4) of the Act; that continued operation of the business will cause irreparable injury to the students enrolled and the public in general; that the corporation does not have an identity or existence separate and apart from Damron, but at all times acted as his agent or alter ego; and that the corporation is insolvent or is in imminent danger of insolvency.

Upon the hearing held as scheduled on May 8, the Administrator sought to amend his petition to include within the injunction and receivership the personal assets of Damron. The court allowed the amendment and granted a continuance at the defendants' request and plea of surprise until May 15. The defendants stipulated and agreed to the entry of a temporary injunction prohibiting operation of the school without a certificate. The defendants, however, objected to the entry of an order that would issue against Damron personally, explaining that he owned two other schools. The Administrator agreed that the injunction should be limited to the school in Harlingen. The court ordered on May 14 that the temporary restraining order and receivership be continued for good cause. The defendants filed on May 8 their motion to vacate the receivership. Thereafter, the defendants gave notice of appeal from the trial court's order entered April 29 and perfected their first appeal to this Court on May 15.

After the hearing on May 15 the trial court made the following findings and reached the following conclusions based on the testimony adduced at that hearing:

"1. In all probability, the court will find upon final hearing that Charles E. Damron is the alter ego of Charton Corporation and is personally liable for the debts of said corporation.

2. In all probability, Plaintiff will be entitled to a permanent injunction against the operation of Valley Central College of Harlingen, for operating without a Certificate of Approval.

3. In all probability, continued operation of Valley Central College of Harlingen pending the conclusion of this litigation would cause irreparable injury to prospective students and the public.

4. In all probability, Charles E. Damron and Charton Corporation will be adjudged to owe in excess of $150,000 to former students of Valley Central College of Harlingen, and will be permanently enjoined from failing to pay such refunds.

5. Failure to temporarily enjoin dissipation, sale for less than value, or secretion of Mr. Damron's personal assets will in all probability irreparably injure students who are presently owed refunds.

6. Nothing less than a receivership of the assets of Valley Central College at Harlingen will enable presently owing refunds to be paid according to law and will protect Plaintiff's interest in the judgment to which, in all probability, Plaintiff will be awarded.

7. Receivership is justified in that Defendants have incurred refund liability through fraudulent representations and

have mismanaged Charton Corporation so as to render it insolvent. Moreover, there is danger that the assets of Valley Central College at Harlingen may be subject to material injury or removal."

These findings and conclusions were included in the court's order entered May 29 in which the defendant Damron was enjoined from operating the school in Harlingen and from dissipating, secreting, selling or disposing of for less than fair value received the assets of the school or his own personal assets. The receivership was continued over the assets of the school and enlarged to encompass the personal assets of Damron. This order was by its terms to remain in effect until judgment on the merits or until further order of the court. The defendants gave notice and perfected an appeal from this order also. This is the appeal we will consider in this opinion.

The appellants have brought four points of error. Points one and three complain of the trial court's order entered ex parte on April 29, which we will not discuss further here. In points two and four, they complain of the trial court's order entered, after notice and hearing, on May 29. Appellants contend in point four that the order of May 29 is void because the trial court was without jurisdiction to proceed after the appeal from the order of April 29 had been perfected. To support this contention, appellants rely upon the cases of *Palafox v. Boyd,* 400 S.W.2d 946 (Tex.Civ.App.—El Paso 1966, no writ) and *Hyatt v. Mercury Life & Health Co.,* 202 S.W.2d 325 (Tex.Civ. App.—San Antonio 1947, no writ). We do not find these cases controlling of the case at bar.

*Palafox* and *Hyatt* are representative of those cases holding that as a general rule the perfection of an appeal terminates the authority of the lower court to proceed in the cause as to those matters which might encroach upon the appellate function and the jurisdiction of the appellate court. Thus, the question is whether the order entered by the court on May 29 encroached

upon the appellate function and the jurisdiction of this Court.

■ The May 29 order served two purposes. It converted the temporary restraining order to a temporary injunction and enlarged the parameters of the receivership. The appeal perfected before entry of this order was from an order appointing a temporary receiver. The appeal from such an interlocutory order is authorized by Tex. Rev.Civ.Stat.Ann. art. 2250 (1971). The appeal does not have the effect of suspending the order unless it is so ordered by the court entering the order. Rule 385(d), T.R.C.P. The execution of the order may be suspended, however, when a party complies with the terms of Rule 364, T.R.C.P. In the absence of a supersedeas bond, the trial court retains the right to modify an order appointing a receiver pending the appeal. The appellants here did not file a supersedeas bond. When the appeal was perfected from the order appointing the receiver, the trial court retained the right to administer the property through the receiver and could make new interlocutory orders, and change or amend existing ones appertaining to the receivership. This continuing jurisdiction is qualified by the requirement that such new orders must, in the opinion of the court, be necessary to preserve the property or the rights of the parties. *Shell Petroleum Corporation v. Grays,* 87 S.W.2d 289, 291 (Tex. Civ.App.—Waco 1935, writ dismissed at 131 Tex. 515, 114 S.W.2d 869).

■ We find that the record before this Court as reflected in the findings enumerated above justifies the action of the trial court in modifying the receivership order. There is some evidence of intermingling of corporate and private funds. The insurance policies covering the corporate assets were allowed to lapse. It therefore appears that the order of receivership as modified was necessary to preserve the property or the rights of the parties. *Shell Petroleum Corporation v. Grays,* supra.

■ Appellants further contend in point four that the order of May 29 is fatally

defective because it accomplishes the purpose of the lawsuit, citing *Parr v. First State Bank of San Diego,* 507 S.W.2d 579 (Tex.Civ.App.—San Antonio 1974, no writ). We cannot agree. The purpose of the lawsuit is to enforce the provisions of the Proprietary School Act, but more specifically, to secure payment of the refunds alleged to be due and owing. The court has ordered the receiver to determine the amount of refunds due and then seek permission of the court to liquidate assets and begin paying refunds. The object of the suits is therefore not accomplished by this order. Appellants' point of error four is overruled.

In point of error two the appellants direct their complaint to the temporary injunction contained in the May 29 order. They argue that it was error to enter the temporary injunction because the Administrator does not have a probable right of recovery against the personal assets of Damron or the corporation. They contend also that there is no evidence that appellants have disposed of or are likely to dissipate, secrete or dispose of any assets for less than value.

The temporary injunction of May 29 reads as follows:

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant, Charles E. Damron, individually and as President of Charton Corporation, his agents and employees, are hereby enjoined from:

1. Operating Valley Central College of Harlingen.
2. Dissipating, secreting, selling or disposing of for less than fair value received, any personal assets of Charles E. Damron or assets of Charton Corporation."

■ To warrant the issuance of a temporary injunction the applicant need only show a probable right, and a probable injury, not that he will ultimately prevail. *State v. Southwestern Bell Telephone Company,* 526 S.W.2d 526, 528 (Tex.Sup.1975). As we have previously indicated, the appellants stipulated and agreed to the entry of a temporary injunction prohibiting the operation of the school in Harlingen. In our view, this is an agreement which recognizes the existence of a probable right of the Administrator to seek injunctive relief. We find, however, that the applicable law and facts of this case demonstrate a probable right on the part of the Administrator to seek injunctive relief against the assets of the corporation and the assets of Damron individually.

■ The Administrator is, as a public official, limited in his authority by those powers which are expressly granted by the legislature, or by those powers which may be necessarily implied from the express powers. *Bullock v. Calvert,* 480 S.W.2d 367, 372 (Tex.Sup.1972). The Administrator is charged with the duty to carry out the policies of the Proprietary School Act. Tex. Educ.Code Ann. § 32.24 (1972). He is also granted express authority to seek injunctions to restrain violations of the Act. Tex. Educ.Code Ann. § 32.62 (1972). It is not disputed that the appellants have operated the school without the certificate required by § 32.31 of the Act, and have failed to conform to the refund policies prescribed by § 32.39(b)(7) of the Act. We find also evidence of the removal of equipment and possible secreting of corporation vehicles. The insurance policies on the corporate assets were cancelled for non-payment. We are of the opinion, therefore, that this and other evidence adduced at the hearings warranted the issuance of an injunction upon a finding of the trial court of probable right and probable injury. *State v. Southwestern Bell Telephone Company,* supra.

■ The appellants further contend that the order fails to state the necessary reasons for its entry as required by Rule 683, T.R.C.P. The rule requires, however, only that the order set forth the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue. *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551,

261 S.W.2d 549, 553 (1953). The findings contained in the order are set out above. We consider these findings sufficient to satisfy the requirements of Rule 683, T.R. C.P. Appellants' point of error two, and final point here considered, is overruled.

The judgment of the trial court is affirmed.