**CITY OF HOUSTON, Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellee.**

No. 17723.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 4, 1980.

Edward A. Cazares, Fred Spence, Houston, for appellant.

Sewell & Riggs, John O'Neill, Houston, for appellee.

Before EVANS, PEDEN and WARREN, JJ.

EVANS, Justice.

The City of Houston appeals from an order of summary judgment entered in a suit for declaratory judgment brought by the Southern Pacific Transportation Company.

This action stems from a federal suit brought by the Railroad in the U.S. District Court for the Southern District of Texas seeking to enjoin the City of Houston from extending Silber Road across four railroad tracks at the Hempstead Highway. After several preliminary hearings, the U.S. District Judge invoked the doctrine of abstention, staying further proceedings until a Texas appellate court determined whether the City of Houston had the right to condemn the Railroad's property under Article 1149, Tex.Rev.Civ.Stat.Ann. This statute authorizes general and special charter cities to condemn the right-of-way and roadbed of any railway within the city limits for the purpose of opening streets if "there are less than *four* railroad tracks." (emphasis added)

This suit was brought by the Railroad, which sought a judgment declaring that Article 1149 applies to the City of Houston, a home-rule city. The City answered and filed a motion for summary judgment, contending that the statute did not prohibit it from extending Silber Road across the four sets of railroad tracks in question. The Railroad filed a response to the City's motion accompanied by a brief containing a preliminary statement of facts to which its affidavit was attached. The City then filed a supplemental motion for summary judgment, replying to the Railroad's response, and also filed a motion asking that the court enter a final, appealable judgment in the case if it denied the City's motion for summary judgment.

The trial court's order recites that the parties agreed in open court that the City's motion for summary judgment and the Railroad's response would be treated as cross-motions for summary judgment. However the record does not reflect such an agreement, and the City denies that such an agreement was made. Although both parties are in apparent accord that the ultimate issue in the case is the applicability of Article 1149 to a home-rule city, they disagree on whether the Railroad's statement of facts may properly be considered as evidence entitling the Railroad to a summary judgment.

At the time of the summary judgment hearing the only motion for summary judgment before the trial court was that filed on behalf of the City of Houston. The trial court's denial of that motion was interlocutory and non-appealable, and there was no legal basis for the trial court to render a summary judgment in favor of the Railroad. *Cowan v. Woodrum*, 472 S.W.2d 749 (Tex.1971); *Hall v. Mockingbird AMC/Jeep Inc.*, 592 S.W.2d 914 (Tex.1979); *Hollen v. State Farm Mutual Automobile Insurance Company*, 551 S.W.2d 46 (Tex.1977); *Hinojosa v. Edgerton*, 447 S.W.2d 670 (Tex.1969). Therefore, the summary judgment rendered in favor of the Railroad was of no effect even though the City failed to object at the trial. *Dixon v. Shirley*, 53 S.W.2d 386, 388 (Tex.Civ.App.–Corpus Christi 1975, writ ref. n. r. e.)

A judicial determination of the applicability of the statute in question will necessarily have some impact upon the state's transportation system, and the matter is therefore one in which the public's interest is involved. For this reason it is essential that the evidence be fully developed on the ultimate issue, and a summary disposition of the case, even if appropriate, should be approached with caution. *Kennedy v. Silas Mason Co.*, 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948); McDonald, 4 Texas Civil Practice § 17.26.12, pp. 179–80. The summary proceedings in the case at bar do not give sufficient particulars to guide the court in its determination, and the best interests of justice will be served by a remand of the case for further development of the facts. *Bartlett v. City of Corpus Christi*, 359 S.W.2d 122 (Tex.Civ.App.–El Paso 1962, no writ).

The appeal is dismissed for want of jurisdiction.